## NETTIE B. HAVENS v. CHARLES E. HAVENS

COURT OF COMMON PLEAS    HARTFORD COUNTY    FILE No. 55407

Memorandum filed January 24, 1952.

*Ferdinand D'Esopo,* of Hartford, for the Plaintiff.

*Benedict M. Holden, Jr.,* of Hartford, for the Defendant.

COTTER, J. The defendant has filed a special appearance for the purpose of pleading to the jurisdiction and sets forth in his plea that at the time of the commencement of the action he was a patient at the Hartford Hospital. The return of the sheriff states that he "left a like true and attested copy of the within original writ, summons and complaint, at the usual place of abode of the within named defendant Charles E. Havens, at No. 52 Bodwell Street, in the said Town of Hartford, with my doings hereon endorsed."

Section 7774 of the General Statutes of Connecticut provides that "process in any civil action shall be served by leaving a true and attested copy of it . . . with the defendant, or at his usual place of abode, in this state." The defendant claims that the substituted service did not meet the requirements of the statute because 52 Bodwell Street was not his "usual place of abode." It is agreed that the defendant was in fact at the time of the service a patient at the Hartford Hospital; that he had been suddenly taken to the hospital from his home at 52 Bodwell Street, where he had been living with his wife, who is now the plaintiff in this action. The action is one by the defendant's wife against him for money which she claims is due her for support.

Counsel claims that service in such a case at the former home of the defendant where they last lived together is not proper service under the statute.

The habitation of an individual is his abode. *Cugno* v. *Kaelin*, 138 Conn. 341, 343. The usual place of abode is usually considered to be the place where a person is living at the particular time when service is made. Courts have held presumptively it is where a man's wife and children reside. *Grant* v. *Dalliber*, 11 Conn. 234, 238.

The residence where a person habitually spends three days a week, residing the remainder of the time outside the state, may be the proper place to make substituted service under the statute. A man may be a resident of two or more states at the same time. The house within the state where he spends three days a week and has done so for fourteen years is his usual place of abode. *Dorus* v. *Lyon*, 92 Conn. 55.

In *Grant* v. *Dalliber*, supra, the defendant had lived with his family in Torrington, Connecticut. At the time of service he had been sentenced to the state's prison at Wethersfield. The court had this to say: "Before his imprisonment, his usual place

of abode was in Torrington, in the same dwelling house where the copy of the writ was left in service, where his family dwelt, and to which, as to his home, he returned, upon his enlargement from prison. He had never abandoned this, as his place of residence; he had left it, by constraint; he had acquired no new or other place of residence. The state's prison was not the place of his abode; it was the place of his punishment; and while there, he was absent from home." Where he has never abandoned his former home, unless it was intended to be temporary, it still remained the place of his abode and would not be changed by imprisonment. The court further said: "The ground assumed, by the defendant . . . must result in the conclusion, that civil process against prisoners confined in the state's prison, must always be served upon them personally, within the walls of the prison. If this be so, every officer or indifferent person serving process, must, at all times, have right and authority to enter the prison, and have intercourse with convicts. Such a power would be found inconsistent with the safe-keeping of prisoners, as well as subversive of the necessary and salutary discipline of the prison; and such a power cannot be exercised."

The reasoning in *Grant* v. *Dalliber,* supra, applies with as much force to the case at bar. If a patient were taken to a general hospital such as the Hartford Hospital, it would not be for the best interests of the patient or those in authority to allow the service of papers at any time of the day or night any place in the hospital. It would mean that every officer or indifferent person serving process must at all times have right and authority to enter the hospital and have access to the patients. Such a power would be inconsistent with proper administering to the patients and would undermine the discipline of the hospital and should not be exercised.

It would not be enough, for instance, to serve process upon the officers or those in charge of the hospital because service cannot be made through a third person by having the third person transmit it to the defendant. *United States Guarantee Co.* v. *Giarelli,* 14 Conn. Sup. 400, cited with approval in *Cugno* v. *Kaelin,* 138 Conn. 341, 343. In that case service was made upon a clerk in a hotel in which the defendant resided. The hotel clerk gave the process to the defendant who admitted receiving the process and called at the office of the plaintiff's counsel. The officer's return certified that process had been left at the plaintiff's "usual place of abode." The court there held

that such service was ineffective. Service in such a manner is a nullity and the court acquires no jurisdiction over the person of such a defendant. *Clover v. Urban,* 108 Conn. 13.

One may have two or more places of residence within a state or within two or more states and each may be a "usual place of abode." "The place where one would be most likely to have knowledge of a service by copy would be at his usual place of abode." *Clegg v. Bishop,* 105 Conn. 564, 569.

There are a great number of cases collected in the note, 127 A. L. R. 1267, discussing this issue. It has been held that where a defendant has secured temporary living quarters while recuperating from a sickness it is not a usual place of abode. "A single light-housekeeping room in a city, occupied by a rancher and his invalid wife for a few weeks during a winter sojourn in order that the wife might receive necessary medical treatment, is not their usual place of abode within a statute providing for a substituted service of process by leaving a copy at the defendant's house of his usual abode with some person of suitable age and discretion then resident therein." Syllabus, 118 A. L. R. 1484, for *John Hancock Mutual Life Ins. Co. v. Gooley,* 196 Wash. 357.

The plea of the defendant to the jurisdiction is overruled.