621 A.2d 996

**Ernest A. COLLINS, Appellant,**

v.

**Guy PARK, M.D. and Rolling Hill Hospital, Appellees.**

Superior Court of Pennsylvania.

Argued Aug. 13, 1992.

Filed Jan. 25, 1993.

Reargument Denied April 1, 1993.

[redacted]

[redacted]

David W. Waties, Philadelphia, for appellant.

H. Coleman Switkay, Philadelphia, for Park, appellee.

Before CAVANAUGH, WIEAND and McEWEN, JJ.

WIEAND, Judge:

In this medical malpractice action, the trial court dismissed the complaint against Guy Park, M.D., because of improper service upon him. Ernest Collins, the plaintiff, appealed.[1]

Collins commenced the present action by writ of summons issued on March 13, 1989. The sheriff attempted to serve the writ on Park by leaving a copy with the receptionist at the Rolling Hill Hospital on March 14, 1989. Dr. Park, however, had terminated his relationship with the hospital on February 22, 1988; and he did not thereafter maintain an office or place of business at the hospital.

On September 22, 1989, Collins filed a complaint in which he charged Park with negligence during a surgical procedure performed at Rolling Hill Hospital on October 9, 1986. This complaint was not immediately served and was reinstated on

1. The Rolling Hill Hospital, another defendant, is not a party to and has not participated in the present appeal.

April 18, 1990. The sheriff attempted to serve the reinstated complaint on the same day by leaving a copy with a nurse on duty in the intensive care unit (I.C.U.) of the hospital, where Dr. Park was a patient.[2]

Preliminary objections raising questions of jurisdiction were filed on Dr. Park's behalf, in which it was asserted that defective service had resulted in the court's failure to acquire jurisdiction over Dr. Park's person. The trial court agreed and dismissed the complaint against Park. The plaintiff appealed.

■ Proper service is a prerequisite to the court's jurisdiction over the person of a defendant. *Frycklund v. Way*, 410 Pa.Super. 347, 351–352, 599 A.2d 1332, 1334 (1991). See also: *Martin v. Gerner*, 332 Pa.Super. 507, 516, 481 A.2d 903, 907 (1984). In determining whether proper service has been effected, we require strict adherence to the rules. The rule applicable to service in this case is Pa.R.C.P. 402, which provides as follows:

**RULE 402. MANNER OF SERVICE. ACCEPTANCE OF SERVICE**

(a) Original process may be served

(1) by handing a copy to the defendant; or

(2) by handing a copy

(i) at the residence of the defendant to an adult member of the family with whom he resides; but if no adult member of the family is found, then to an adult person in charge of such residence; or

(ii) at the residence of the defendant to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which he resides; or

(iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof.

■ Plaintiff's attempted service of the writ of summons was defective. Because Dr. Park was not affiliated with the hospital at which service was attempted, it seems clear that

**2.** Dr. Park died on April 27, 1990.

the hospital cannot be deemed his "office" or "usual place of business." In *Martin v. Gerner, supra,* the sheriff had attempted to serve a complaint upon the defendant physician by handing a copy of the complaint to the person in charge of the hospital where defendant was an inactive staff member. The defendant physician did not have a proprietary or managerial interest in the hospital, did not admit patients to the hospital and did not maintain an office there. The Court held that the Rules of Civil Procedure did not authorize service on the defendant physician by handing a copy to an employee of the hospital. The hospital was neither the "office" nor "usual place of business" of the defendant physician. Service, therefore, was improper.

Similarly, in the instant case, Dr. Park did not have a proprietary interest in the hospital and, at the time of serving the writ of summons, was not affiliated with the hospital in any capacity. The service of the summons attempted by the sheriff, therefore, was defective and did not confer upon the court jurisdiction to act against the person of Dr. Park.

█ The conclusive nature of a sheriff's return is applicable only to facts stated in the return of which the sheriff presumptively has knowledge. It does not apply "(a) to facts stated in the return of which the sheriff cannot be expected to have personal knowledge and which are based upon information obtained through hearsay or statements made by third persons or (b) to conclusions based upon facts known to the sheriff only through statements made by others." *Hollinger v. Hollinger,* 416 Pa. 473, 477, 206 A.2d 1, 3 (1965). Contrary to appellant's argument, there is no reason to give to the sheriff's return in this case a conclusive effect regarding service of the writ of summons upon a person at the Rolling Hill Hospital.

█ The service of the complaint was also inadequate to confer jurisdiction over Dr. Park's person. A copy of the complaint was left with a nurse at the intensive care unit of the hospital, where Dr. Park was then a patient. Pa.R.C.P. 402(a)(2)(ii) authorizes service by handing a copy of the com-

plaint "at the residence of the defendant to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which [the defendant] resides." The intensive care unit of a hospital, however, cannot be deemed the patient's place of residence, nor can it be said that the patient resides there. The term "residence" means an actual residence and not a place where a person is located temporarily while he or she is being treated for illness. Dr. Park did not voluntarily leave his place of residence to establish a new residence at the hospital. In our judgment, moreover, a nurse employed in an intensive care unit of a hospital cannot be deemed a clerk or manager of a place of lodging.

■ The prevailing view, in other jurisdictions, is that a hospitalized person continues to reside during hospitalization at the place of residence to which he will return upon completion of his hospitalization. See: 62B Am.Jur.2d, Process § 21, citing *Havens v. Havens*, 17 Conn.Supp. 432 (1952). This, in our judgment, is the correct view. Not only can service be made at a person's place of residence, but if he or she is absent, service can be made by handing a copy to an adult member of the family; and if no adult member of the family is found, then to an adult person in charge of the residence. Pa.R.C.P. 402(a)(2)(i). For these reasons we agree with the trial court that valid service was not effected by leaving a copy of the complaint with a nurse at the intensive care unit of the hospital where Dr. Park was a patient.

■ Where service of process is defective, the proper remedy is to set aside the service. In that event, the action remains open, but it cannot proceed against a defendant unless the plaintiff can thereafter effect service on such defendant which is sufficient to vest jurisdiction in the court. *Frycklund v. Way, supra* at 353, 599 A.2d at 1335. See: *Nicolosi v. Fittin*, 434 Pa. 133, 135–136, 252 A.2d 700, 701 (1969); *Trzcinski v. Prudential Property & Casualty Insurance Co.*, 409 Pa.Super. 114, 119–120, 597 A.2d 687, 690 (1991). In the instant case, the trial court dismissed the action against Dr. Park for lack of service. It may be, as has been suggested, that the action is barred by the statute of limitations. The

statute of limitations, however, is an affirmative defense to be pleaded by Dr. Park or his estate in the event that jurisdiction can be obtained. It does not affect our decision that service should be stricken without dismissing the action.

The order dismissing the action is vacated. Service of the writ of summons and service of the complaint, however, are stricken, and the case is remanded for further proceedings consistent with the foregoing opinion. Jurisdiction is not retained.

CAVANAUGH, J., files a concurring and dissenting opinion.

CAVANAUGH, Judge, concurring and dissenting:

I concur in the result reached by the majority, that is, that the order dismissing the action should be vacated. However, I dissent from the majority's reasoning and would find that the service effectuated on April 18, 1990 upon the nurse in charge of the intensive care unit at Rolling Hill Hospital was adequate service under the applicable rules of civil procedure. It seems to me that what appellant did was best calculated to effect proper service under the extraordinary circumstances presented by the facts of this case. I would find that the service was proper under 402(a)(1) since Dr. Park was, at the time, in the intensive care unit of a hospital and service upon the nurse in charge of that unit is a *de facto* compliance with 402(a)(1) since to require more would demand a most undesirable requirement of physical intrusion by the sheriff into the intensive care facility of a hospital.

In the alternative, I would conclude that service upon the intensive care unit nurse on duty was service upon Dr. Park at his "residence" under 402(a)(2)(i) by serving an adult person in charge of that residence. Under the unfortunate facts of this case, Dr. Park may be deemed a resident of the hospital by reason of the fact that he was undergoing a terminal admission which ended in his death on April 27, 1990, nine days after the effectuation of service.