655 A.2d 180

**Ronald D. WEAVER, Appellant**

v.

**E. Franklin MARTIN and Kenneth E. Hankins, Jr., Appellees.**

Superior Court of Pennsylvania.

Submitted Jan. 9, 1995.

Decided Feb. 24, 1995.

186

Ronald D. Weaver, pro se.

Patrick C. Carey, Scranton, for E. Franklin Martin.

Kenneth F. Lee, Chambersburg, for Kenneth E. Hankins.

Before POPOVICH, JOHNSON and HESTER, JJ.

POPOVICH, Judge:

This is an appeal from an order of the Court of Common Pleas of Franklin County dismissing appellant's legal malpractice action on both procedural and substantive grounds.

Herein, appellant presents the following questions for review:

1. Does the 41st Judicial District have the jurisdiction to make a decision concerning legal matters that are in the conclusive jurisdiction of the 39th Judicial District?

2. Did the lower court err in dismissing appellant's complaint because of improper service of process?

3. Did the lower court err in sustaining appellee's demurrer to appellant's legal malpractice claim?

4. Did the lower court err in addressing the untimely filed preliminary objections of appellees?

After careful review, we reverse the order dismissing appellant's complaint and remand for proceedings consistent with this opinion.[1]

---

1. Appellant raises several other allegations of error, but we need not address these issues because we are remanding the case on other grounds. Appellant. also contends: 1) the lower court erred in its conclusion that the complaint was not reinstated in accord with the Pennsylvania Rules of Civil Procedure and in its conclusion that the reinstated complaint was an amended complaint; 2) the lower court erred in its conclusion that the civil action was not justiciable as it pertains to appellee Martin; 3) the lower court improperly considered appellee Martin's preliminary objections because they did not contain a required verification; 4) the lower court improperly considered appellee Hankins' preliminary objections because they did not contain a valid signature; 5) the lower court improperly denied appellant his constitutional right to have his grievances heard in a court of law pursuant to the Due Process and Equal Protection Clauses; 6) the lower court erred in not compelling appellees to comply with discovery rules and after

Examination of the record reveals the following: This matter involves a legal malpractice complaint filed by appellant against the attorneys from his criminal trial. Appellee Martin was appellant's pretrial counsel and appellee Hankins was appellant's trial counsel. Appellant was convicted of rape and involuntary deviate sexual intercourse because of incidents involving the fifteen year old daughter of his live-in girlfriend. Appellant's complaint, in this action, alleged that both attorneys failed to file notice of an alibi defense in a timely fashion, failed to file proper pre-trial motions or object to jury instructions, and in general provided him with inadequate counsel. There were also several procedural mishaps on both sides throughout this case.

Appellant filed his complaint on September 11, 1986, and erroneously served it on appellees via certified mail. Appellee Martin entered an appearance in the action on October 7, 1986. Judge Quigley of the 41st Judicial District was assigned specially to preside over the case because all the judges in the 39th Judicial District recused themselves from the case.

After appellant received no response from either appellee, he filed a notice of default on both appellees on October 10, 1986. On the same day, appellee Martin filed preliminary objections which included a demurrer, a motion to strike, and the pendency of a prior action.[2] Appellee Martin's demurrer was based upon the fact that appellant's underlying criminal action had not been fully litigated and was not justiciable. Appellee Martin's preliminary objections did not contest the improper service of process and also neglected to provide a proper verification statement with his preliminary objections.

Appellee Hankins replied with his preliminary objections on October 15, 1986. These preliminary objections included objection to appellant's improper service of process, pendency of

discovery erred by failing to allow appellant an opportunity to amend his complaint.

2. The issue of pendency of a prior action apparently referred to a civil suit appellant filed in the United States District Court for the Middle District of Pennsylvania that asserted the same claims as appellant's suit in the Court of Common Pleas.

a prior action, a motion to strike, a demurrer and a motion for more specific complaint. Both appellees filed their preliminary objections after expiration of the twenty day period called for by the Pennsylvania Rules of Civil Procedure.

Appellant subsequently filed preliminary objections to the preliminary objections of appellees. No action was taken on the case from November 7, 1986, until August 11, 1987, when a notice of impending dismissal was filed by the Prothonotary of Franklin County.

On November 23, 1987, Weaver filed a praecipe for service of a second complaint [3] on both appellees because there was no return of service on the docket for the original complaint. The lower court found that appellant had not properly requested the prothonotary to reinstate the original complaint. Thus, it was treated as an amended complaint that was filed more than ten days after appellees filed their preliminary objections. The trial court struck the amended complaint for this reason.

On May 25, 1988, Appellee Martin filed preliminary objections to appellant's second complaint in addition to a brief in support of both sets of his preliminary objections. Appellant later filed preliminary objections to Appellee Martin's preliminary objections to the second complaint, as well as a reply brief to the brief submitted by appellee Hankins in support of both sets of his preliminary objections.

The trial court dismissed appellant's complaint against appellee Hankins because of improper service of process without granting appellant leave to effectuate service properly. The court sustained appellee Martin's demurrer to appellant's complaint on the ground that appellant did not state a cause of action for legal malpractice and also that the appellant's claim was not justiciable. The court also held that the complaint could be dismissed as to both appellees because of the pendency of a prior action. This timely appeal followed.

3. This second complaint was identical to appellant's original complaint.

Before addressing appellant's claims that require remand, we will address several of appellant's allegations of error in the interest of judicial economy.

Appellant's first allegation of error is that the 41st Judicial District did not have jurisdiction to render a decision in his case. We disagree.

42 Pa.C.S.A. § 4121(a) provides that ". . . any judge may be temporarily assigned to another court and may there hear and determine any matter with like effect as if duly commissioned to sit in such other court." 42 Pa.C.S.A. § 4121(a). The Rules of Judicial Administration provide: ". . . [T]he Chief Justice may . . . effectuate the assignment of any . . . active judge to temporary judicial service on any court to fulfill a request by the president judge thereof or when, by reason of case inventories or in the interest of justice, additional judicial assistance is required by any court." Pa.R.J.A. No. 701(e).

Here, Judge Quigley properly disposed of appellant's case because all other judges in the 39th Judicial District recused themselves. These rules clearly give Judge Quigley the power to hear and decide appellant's case. There is no language in these rules that would indicate, as appellant claims, that a specially presiding judge cannot remove the case file to his own judicial district. Therefore, appellant's contention that Judge Quigley did not have jurisdiction over his case is without merit.

Appellant's next allegation of error is that the lower court erred in considering appellees' untimely filed preliminary objections. We disagree.

Pa.R.C.P. 1026(a) provides: ". . . every pleading subsequent to the complaint shall be filed within twenty days after the service of the preceding pleading . . ." Pa.R.C.P. No. 1026(a), 42 Pa.C.S.A. This twenty day filing period has been interpreted liberally and is permissive rather than mandatory. *Francisco v. Ford Motor Co.*, 397 Pa.Super. 430, 580 A.2d 374 (1990). The decision of whether an extension of time shall be granted is within the discretion of the trial court. *Id.* at 376, 580 A.2d 374. A late pleading may be filed if the opposing

party is not prejudiced and justice requires. *Id. citing Paulish v. Bakaitis*, 442 Pa. 434, 275 A.2d 318 (1971). Prejudice results when an opposing party's delay causes a party " 'any substantial diminution [in their] ability to present factual information in the event of trial . . .' " *Id.* at 377 n. 6, 580 A.2d 374, *quoting American Bank & Trust Co. of Pennsylvania v. Ritter, Todd & Haayen,* 274 Pa.Super. 285, 287, 418 A.2d 408, 409 (1980).

Instantly, both appellees filed their preliminary objections approximately two weeks late, and the lower court considered both appellees' preliminary objections. Appellant does not state any facts indicating how this delay prejudiced him. He merely states that he was prejudiced by the untimely filing. Accordingly, the lower court did not err by allowing these preliminary objections to be filed. *See, Ambrose v. Cross Creek Condominiums,* 412 Pa.Super. 1, 602 A.2d 864 (1992) (holding that plaintiff suffered no prejudice where preliminary objections were filed approximately two weeks late and plaintiff had no factual allegations of prejudice resulting from the late filing).

We now reach the issues that require remand for further proceedings. First, appellant contends that the lower court erred in dismissing the complaint when he improperly served both appellees. We agree as to appellee Hankins.

Pa.R.C.P. No. 402(a) provides that a defendant may be served with original service by handing him a copy or by handing a copy to a qualified member at the defendant's residence or place of business. Pa.R.C.P. No. 402(a), 42 Pa.C.S.A. Original process shall be served by the sheriff except in other limited situations. Pa.R.C.P. No. 400(a), 42 Pa.C.S.A. "Where service of process is defective, the proper remedy is to set aside the service. In that event, the action remains open, but it cannot proceed against a defendant unless the plaintiff can thereafter effect service on such defendant which is sufficient to vest jurisdiction in the court." *Collins v. Park,* 423 Pa.Super. 601, 621 A.2d 996 (1993),

*allocatur denied,* 536 Pa. 618, 637 A.2d 278 (1993), *citing Frycklund v. Way,* 410 Pa.Super. 347, 599 A.2d 1332 (1991).

 In the case at bar, appellant served both appellees by certified mail. Appellee Hankins filed preliminary objections claiming the court lacked jurisdiction over him because of this defective service of process. The above stated rules do not allow for service of process by certified mail, and the record makes it clear that service of process was not made by the sheriff. Service of process by mail is allowed in limited situations pursuant to Pa.R.C.P. No. 403, and appellant's action did not fall within one of these actions allowing for service by mail. *See, Sharp v. Valley Forge Medical Center,* 422 Pa. 124, 221 A.2d 185 (1966) (holding that procedural rules governing service of process must be strictly followed). However, the trial court erred in dismissing appellant's action for improper service of process. The proper remedy would have been for the trial court to allow appellant to attempt to effect proper service of process which would vest jurisdiction in the lower court. Therefore, appellant's action can proceed only if the lower court has jurisdiction. *Collins, supra.* Service of the complaint is stricken and the case is remanded for further proceedings consistent with this opinion.

 However, appellee Martin presents a different situation because he entered an appearance prior to filing preliminary objections and never objected to the invalid service of process. Accordingly, he became a party to the suit. *See, Peterson v. Philadelphia Suburban Transportation Co.,* 435 Pa. 232, 255 A.2d 577 (1969) (holding that a person may become a party to an action by voluntarily entering an appearance when there has been improper service of process).

The second ground for remand is appellant's allegation that the lower court erred in sustaining appellee Martin's demurrer to appellant's legal malpractice complaint. We agree and remand to allow appellant to amend his complaint as to appellee Martin.

Our supreme court recently addressed the issue of a legal malpractice claim against a criminal defense attorney in *Bailey v. Tucker*, 533 Pa. 237, 621 A.2d 108 (1993):

Consequently, today we hold that a plaintiff seeking to bring a trespass action against a criminal defense attorney, resulting from his or representation of the plaintiff in criminal proceedings, must establish the following elements:

(1) The employment of the attorney;

(2) Reckless or wanton disregard of the defendant's interest on the part of the attorney;

(3) the attorney's culpable conduct was the proximate cause of an injury suffered by the defendant/plaintiff, i.e., "but for" the attorney's conduct, the defendant/plaintiff would have obtained an acquittal or a complete dismissal of the charges.

(4) As a result of the injury, the criminal defendant/plaintiff suffered damages.

(5) Moreover, a plaintiff will not prevail in an action in criminal malpractice unless and until he has pursued post-trial remedies and obtained relief which was dependent on attorney error; additionally, although such a finding may be introduced into evidence in the subsequent action it shall not be dispositive of the establishment of culpable conduct in the malpractice action.

*Id.* at 251, 621 A.2d at 114–15. The holding in *Bailey* was given retroactive effect in *Hill v. Thorne*, 430 Pa.Super. 551, 635 A.2d 186 (1993).

Here, the record is insufficient to allow us to make a determination of whether appellant met the requirements of *Bailey* as his complaint was filed prior to the decision in *Bailey*. The case must be remanded and appellant shall be allowed to amend his complaint to comply with the standard elaborated in *Bailey* regarding his claim against appellee Martin. *See, Hill supra* (holding that *Bailey* should be given retroactive effect and remanding to allow the legal malpractice plaintiff to amend his complaint to comply with the new standard in *Bailey*).

The order dismissing appellant's legal malpractice complaint is reversed, and this case is remanded for further proceedings consistent with this opinion. Jurisdiction is relinquished.