# Smith v. Zarnick

C.P. of Butler County, no. 99-10625.

*Fred Freitag* and *John W. Gibson,* for plaintiffs.
*James F. Donohue,* for defendant Zarnick.
*Dennis Mulvihill,* for defendant State Farm.

DOERR, *J.,* April 11, 2000—Before this court are State Farm Mutual Insurance Companies' and James Zarnick's preliminary objections to plaintiffs' complaint and State Farm's motion to sever the case.

## FACTUAL BACKGROUND

On July 15, 1997, Mr. Zarnick was operating a four-wheel all-terrain vehicle on Robert Smith, plaintiff-husband, and Sheila Smith's, plaintiff-wife, land without their permission. The property was marked with no trespassing signs. Plaintiff-husband followed Zarnick on a private service road on the property and then onto a public road. Plaintiff-husband came to a stop on the public road and parked. Zarnick drove to plaintiff-husband's vehicle and an oral altercation ensued. At some point during this conversation, plaintiff-husband exited his vehicle and placed his hand on the carrier on the back of the ATV. Zarnick revved the ATV and pulled away while plaintiff-husband's hand was caught in the carrier of the ATV. Plaintiff-husband walked and ran along side the ATV until he was unable to do so due to the accelerated speed. Plaintiff-husband was dragged by the ATV causing him to sustain injuries and incur medical expenses.

At the time of the accident, Zarnick's ATV was not registered nor covered by an insurance policy. Plaintiff-husband was insured by an automobile insurance policy issued by State Farm. Plaintiff-husband filed a claim with

State Farm for first-party benefits, which was denied. Plaintiffs filed the instant lawsuit asserting claims of breach of contract, bad faith and violation of the Unfair Trade Practices and Consumer Protection Law against State Farm and negligence against Zarnick. Plaintiff-wife asserted a claim for loss of consortium against Zarnick.

State Farm has filed preliminary objections and a motion to sever the case. Specifically, State Farm seeks dismissal of the claims against it because plaintiff-husband failed to state a claim upon which relief may be granted. State Farm also maintains that plaintiff-husband improperly included Zarnick as a party to this action and requests that this court strike the complaint as to State Farm. Zarnick preliminarily objects to plaintiffs' complaint contesting in personam jurisdiction. At the time and place for argument for the preliminary objections and motion to sever, the parties agreed that plaintiff-wife's claims against State Farm would be dismissed and the case would be severed as to State Farm and Zarnick.

## LEGAL STANDARD

In determining preliminary objections, all well-pleaded material and relevant facts are deemed to be true. *Johnson v. Board of Probation and Parole*, 706 A.2d 903 (Pa. Commw. 1998). Further, the issues must be resolved by the court on the basis of the pleadings alone. *Duffee v. Judson*, 251 Pa. Super. 406, 380 A.2d 843 (1977). Preliminary objections should be sustained only in cases that are clear and free from doubt. *Id.*

## LEGAL ANALYSIS

State Farm preliminarily objects to plaintiffs' complaint in the nature of a demurrer. The question presented

by a demurrer is whether the complaint adequately states a claim for relief under any theory of law. *Eckell v. Wilson,* 409 Pa. Super. 132, 597 A.2d 696 (1991). All well-pleaded allegations in a complaint must be accepted as true for purposes of a demurrer. *McMahon v. Shea,* 547 Pa. 124, 688 A.2d 1179 (1997).

## I. *Breach of Contract*

State Farm contends that plaintiff-husband is not entitled to first-party benefits under his insurance policy because the accident did not arise out of the maintenance and use of a motor vehicle. The Motor Vehicle Financial Responsibility Law states that "a person who suffers injury arising out of the maintenance and use of a motor vehicle shall recover first party benefits."[1] 75 Pa.C.S. §1713.

State Farm argues that an ATV is not within the definition of motor vehicle as set forth in the Motor Vehicle Code. A motor vehicle is defined in the code as follows:

"A vehicle which is self-propelled except one which is propelled solely by human power by electric power or by electrical power obtained from overhead trolley wires, but not operated upon rails." 75 Pa.C.S. §102.

The Commonwealth Court has held that an ATV falls within the definition of motor vehicle under section 102 of the code. *Pelter v. PennDOT,* 663 A.2d 844 (Pa. Commw. 1995). In *Pelter,* the Department of Transpor-

---

1. Plaintiff-husband's automobile insurance policy with State Farm provides in pertinent part as follows:

"Medical Payments—Coverage C

"What we pay

"We will pay for bodily injury to an insured arising out of the maintenance and use of a motor vehicle . . . ."

tation imposed a three-month license suspension on the plaintiff who was struck by a car when operating his ATV.

Similarly, the Superior Court held that a three-wheeled self-propelled vehicle constitutes a motor vehicle as defined in section 102 of the code. *Commonwealth v. Eliason*, 353 Pa. Super. 321, 509 A.2d 1296 (1986). The defendant was convicted of driving under suspension and driving an unregistered vehicle as a result of operating a three-wheel vehicle on a public highway. *Commonwealth v. Eliason*, at 322-23, 509 A.2d at 1296.

This court finds that Zarnick's ATV is a motor vehicle under the code. Accordingly, State Farm's preliminary objection in the nature of a demurrer to all claims in plaintiff-husband's complaint on the basis that an ATV is not within the definition of motor vehicle as set forth in the Motor Vehicle Code is denied.

## II. *Bad Faith*

State Farm next contends that plaintiff-husband may not assert a bad faith claim, under section 8372 of the Judicial Code, based on an insurer's denial of first party benefits. Specifically, State Farm argues that section 8372 cannot be reconciled with and is pre-empted by section 1797 of the Motor Vehicle Code.

Section 8371 of the Judicial Code, which affords plaintiffs a statutory remedy for bad faith by an insurance company, provides in pertinent part as follows:

"In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:

"(1) Award interest on the amount of the claim from the date the claim was made. . .

"(1) Award punitive damages against the insurer.

"(2) Assess court costs and attorney fees against the insurer." 42 Pa.C.S. §8372.

The term "bad faith" is not defined in section 8371; however, the following definition of the term is widely accepted in the context of insurance:

"*Insurance*. 'Bad faith' on part of insurer is any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (*i.e.,* good faith and fair dealing), through some motive of self interest or ill will; mere negligence or bad judgment is not bad faith." *Terletsky v. Prudential Property & Casualty Insurance Co.*, 437 Pa. Super. 108, 125, 649 A.2d 680, 688 (1994), *allocatur denied,* 540 Pa. 641, 659 A.2d 560 (1994), quoting, Black's Law Dictionary 139 (6th ed. 1990).

The MVRFL permits insurers to utilize peer review organizations to evaluate the medical necessity of medical treatment provided to a person injured in an automobile accident. 75 Pa.C.S. §1797(b). "Under this legislation, the insurance company decides which claims of a medical provider will be submitted to a peer review organization. The law allows an insurance company to refuse payment of a medical bill even though it did not obtain a peer review evaluation of the bills." *Pipchock v. State Farm Insurance Co.*, 140 Pitt. L.J. 185 (C. C. Allegheny 1992).

Sections 8371 and 1797 were both enacted as a component of the Act of February 7, 1990, P.L. 11, no. 1990-6 (Act 6). The rule of statutory construction that applies to reconciling statutes of broad and specific application provides as follows:

"Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail." 1 Pa.C.S. §1933.

Defendant cites cases in which Pennsylvania courts and federal courts, applying Pennsylvania law, have reviewed the issue of whether section 1797 prohibits a bad faith claim based on denial of first party benefits. This court recognizes that the peer review and appeal provisions of section 1797 pre-empts section 8371 punitive damages claims in some circumstances. See *Danley v. State Farm Mutual Automobile Insurance Co.*, 808 F. Supp. 399 (M.D. Pa. 1992); *Gemini Therapy and Rehabilitation Inc. v. State Mutual Automobile Insurance Co.*, 40 F.3d 63 (3d Cir. 1994); *Williams v. State Farm Mutual Automobile Insurance Co.*, 763 F. Supp. 121 (E.D. Pa. 1991).

However, section 1797 does not pre-empt a bad faith claim under section 8371 under every factual scenario. For instance, in *Pipchok*, the Court of Common Pleas of Allegheny County held that challenges to denials of claims for first party benefits for reasons other than the necessity of the treatment or that the treatment did not conform to medical standards are not pre-empted by section 1797. *Pipchok v. State Farm Mutual Automobile Insurance Co.*, *supra*. The court further explained that "[t]he amendments did not change the existing law for

claims questioned on the grounds for other reasons (the most common being that there is no insurance coverage or that the treatment—while necessary—is not for injuries sustained in the automobile accident)." *Id.* The court concluded that "[t]here is nothing in either the Financial Responsibility Law or the Judicial Code indicating that the legislature sought to limit damages for a bad faith to pay medical benefits of payments set forth in section 1716 where the provisions of section 1797(b) are inapplicable." *Id.*

Similarly, in *Seger by Seger v. Allstate Insurance Co.*, 776 F. Supp. 986 (M.D. Pa. 1991), the court found that the insurer was questioning whether the plaintiff's medical expenses were covered under the policy, because of a contract exclusion dealing with motorcycles or motorbikes, rather than the medical necessity of the plaintiff's treatment. Further, the court held that there could be no conflict between sections 1797 and 8371 under the factual scenario of the case. *Seger by Seger v. Allstate Insurance Co.*, 776 F. Supp. at 990.

The same analysis was applied in *Daumer v. Allstate Insurance Company*, 1992 WL 57673 (E.D. Pa. 1992). In *Daumer,* the court held that section 1797 is limited to the purpose of "confirming that such treatment, products, services or accommodations conform to the professional standards of performance and are medically necessary." The court further opined that "[n]owhere in section 1797 . . . is the determination of causation . . . vested in the peer review organization." *Id.* Finally, the court found that the plaintiff's claim under section 8371 should not be dismissed because section 1797 did not apply. *Id.*

In the case sub judice, State Farm admits that the sole basis of their denial of plaintiff-husband's first party benefits under the policy is that plaintiff-husband's injuries resulted from an accident involving a recreational vehicle. Clearly, a denial of first party benefits on the basis of a challenge as to whether a plaintiff's medical bills are covered under the policy is not governed by section 1797. Accordingly, this court finds that State Farm's refusal to pay proceeds of the policy may very well be bad faith and therefore State Farm's request that this court dismiss Count IV, bad faith, of plaintiffs' complaint is denied.

### III. *Consumer Protection Law*

Defendant also maintains that plaintiff-husband's averments in support of the Pennsylvania Unfair Trade Practices and Consumer Protection Law do not state a claim upon which relief may be granted. The UTPCPL provides in relevant part as follows:

"Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real estate or personal, as a result of the use or employment by any person of [unfair or deceptive act or practices] may bring a private action to recover . . . damages." 73 P.S. §201-9.2(a).

It is well settled that an insurer's refusal to pay benefits to an insured is nonfeasance and is not actionable under the UTPCPL. *Klinger v. State Farm Mutual Automobile Insurance Co.*, 895 F. Supp. 709 (M.D. Pa. 1995). In this case, plaintiff-husband essentially argues that State Farm violated the UTPCPL by failing to pay first party medical benefits under the insurance contract. Plaintiff-

husband fails to state cause of action under the UTPCPL, therefore, State Farm's preliminary objections to Count V of plaintiff-husband's complaint is hereby granted.

## IV. *Punitive Damages*

Plaintiff-husband makes a claim for punitive damages in his complaint. State Farm argues that plaintiff-husband has not alleged sufficient facts to recover punitive damages under Pennsylvania law since he cannot recover under the Bad Faith Act. A plaintiff seeking to recover punitive damages under section 8371 must prove that an insurer did not have a reasonable basis for denying the claim. *Klinger v. State Farm Mutual Automobile Insurance Co., supra.* This court found that plaintiff-husband was not barred from making a claim for bad faith, therefore, State Farm's argument on this point is moot.

## V. *In Personam Jurisdiction*

Zarnick preliminarily objects to plaintiffs' complaint arguing that he was not properly served with the complaint. On July 29, 1999, the Butler County Sheriff Department unsuccessfully attempted to serve Zarnick at 385 Foxburg Road in Eau Claire, Pennsylvania. Plaintiffs reinstated the complaint and directed the sheriff department to serve Zarnick at 2515 Oneida Road in Petrolia, Pennsylvania. The sheriff department served Pam Zarnick at the Oneida Road address. Zarnick maintains that he does not reside at that address.

Generally, a sheriff must effectuate service of original process. Pa.R.C.P. 400(a). Further, the sheriff may serve original process by handing a copy to the defendant or an adult at the residence of the defendant. Pa.R.C.P. 402.

An action cannot proceed against a defendant unless effective service has been made. *Collins v. Park*, 423 Pa. Super. 601, 621 A.2d 996 (1993), *allocatur denied,* 536 Pa. 618, 637 A.2d 278 (1993).

In the instant case, service of original process was not effectuated at the Foxburg or Oneida Road addresses. Service would have been proper at the Oneida Road address if Zarnick resided at that address inasmuch as original process was handed to an adult.

## ORDER

And now, April 11, 2000, in consideration of State Farm's and James Zarnick's preliminary objections to plaintiffs' complaint and State Farm's motion to sever the case it is hereby ordered, adjudged and decreed as follows:

(1) State Farm's preliminary objection in the nature of a demurrer to all claims on the basis that an ATV is not within the definition of motor vehicle as set forth in the Motor Vehicle Code is denied;

(2) State Farm's preliminary objection to Count IV, bad faith, of plaintiffs' complaint is denied;

(3) State Farm's preliminary objection to Count V, violation of the Consumer Protection Law, of plaintiffs' complaint is granted. Plaintiffs shall have 20 days to amend the complaint or suffer dismissal;

(4) State Farm's preliminary objection to plaintiff-husband's claim for punitive damages is denied;

(5) State Farm's motion to sever their case from Mr. Zarnick's case is granted;

(6) State Farm's motion to dismiss all of plaintiff-wife's claims against it is granted; and

(7) Mr. Zarnick's preliminary objection to plaintiff's complaint based on lack of in personam jurisdiction is granted. Plaintiffs shall have 30 days from the date of this order to serve Mr. Zarnick by certified mail signed by Mr. Zarnick or his agent. If Mr. Zarnick refuses to accept service by certified mail, plaintiffs shall effectuate service by regular mail.