## Passalacqua v. Passalacqua

C.P. of Carbon County, no. 99-1997.

*Joseph Perilli,* for plaintiff.
*Michelle Wolfe* and *William G. Schwab,* for defendants.

NANOVIC, *J.,* January 28, 2002—Before the court is plaintiff's motion to vacate the judgment of non pros entered by the Carbon County Prothonotary's office on June 8, 2001, pursuant to this court's order dated April 11, 2001. For the reasons which follow, this motion is denied.

Frank Passalacqua, the plaintiff in these proceedings, commenced this action pro se by the filing of a complaint on October 6, 1999. The complaint did not contain a notice to defend.

The basis of the action is an alleged sale of jewelry by Passalacqua to the defendants on or about January 1, 1996, for which Passalacqua was to be paid one payment of $10,600 on January 1, 1998. This amount, Passalacqua claims, was not paid. Service of the complaint was made upon defendants by first class mail on or before August 9, 1999. (See affidavit of service of David Seth Kaiser dated August 9, 1999, and filed on October 6, 1999.) This date of service predates the filing of the complaint by approximately two months.

Preliminary objections, raising a variety of issues, were filed on June 9, 2000, and sustained, in full, by court order dated October 24, 2000. Of importance to this decision, included in the preliminary objections was a challenge to the manner of service of the complaint. The order dated October 24, 2000, granted Passalacqua leave to file an amended complaint within 30 days and further advised that failure to file an amended complaint would result in dismissal of the complaint.

Passalacqua filed an amended complaint on November 15, 2000. This amended complaint was served, again by first class mail, on defendants and their counsel on or before November 8, 2000. (See affidavit of service of David Seth Kaiser dated November 8, 2000, and filed on November 15, 2000.)

Preliminary objections raising the same issues contained in defendants' preliminary objections to the origi-

nal complaint were filed on February 9, 2001. By order dated April 11, 2001, the preliminary objections were sustained as to the defective service of the amended complaint and denied as to the remaining objections.[1] This order specifically directed Passalacqua to "have the amended complaint reinstated within 30 days from the date of this order and [to] have said complaint properly served by the sheriff's office within 30 days from the date of such reinstatement, failing which plaintiff's complaint, upon praecipe of defendants, [would] be dismissed with prejudice."[2]

---

1. Preliminarily, there can be little dispute that the manner of service chosen by plaintiff for original process, namely service by first class mail, was defective. Pa.R.C.P. 400(a), with exceptions not relevant to this case, requires that original process shall be served within the Commonwealth only by the sheriff. If service is to be made by the sheriff in a county other than the county in which the action was commenced, the sheriff of the county where service may be made shall be deputized for that purpose by the sheriff of the county where the action was commenced. Pa.R.C.P. 400(d). Defendants properly challenged the form of service of the complaint by preliminary objections. Pa.R.C.P. 1028(a)(1).

2. The authority of the court to permit the entry of a judgment of non pros after providing a plaintiff with an opportunity to correct defective service is believed to be inherent in the power of the court to manage its docket and prevent cases from remaining stagnant and becoming stale. A court's power to dismiss cases for inactivity, after notice to the parties: "originated in common law, prior to the passage of any statute. *Waring v. The Pennsylvania Railroad Company*, 176 Pa. 172, 35 A. 106 (1896). The court's ability to enter a non pros is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the common pleas court calendar. See *Link v. Wabash Railroad Company*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962) (authority of a court to dismiss for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious

Passalacqua did not reinstate the amended complaint after April 11, 2001, nor, according to the docket entries, did Passalacqua make arrangements with the Carbon County Sheriff's office for service of the amended complaint by direct or deputized service. (See Pa.R.C.P. 400(a), (d) (service of original process ordinarily to be made by sheriff) and Pa.R.C.P. 405(a) (return of service).) Following the entry of the order dated April 11, 2001, the next entry on the prothonotary's docket is defendants' praecipe for judgment of non pros filed on June 8, 2001. This praecipe was granted as of right by the prothonotary on the same date.

In Passalacqua's motion to vacate the judgment of non pros, Passalacqua asserts that the amended complaint was served on defendants by the Montgomery County

---

disposition of cases)." *Captline v. County of Allegheny,* 553 Pa. 92, 718 A.2d 273, 275 (1998).

Prejudice to the other side need not be established in order to have a claim dismissed for failing to comply with a court order. While a party seeking to obtain a judgment of non pros on a claim which has been timely filed and properly served must demonstrate unfair prejudice by the failure of the other party to prosecute the claim in a timely manner, prejudice need not be established where a party seeks dismissal of a writ or complaint for failure to effectuate service. *Moses v. T.N.T. Redstar Express,* 725 A.2d 792, 800 (Pa. Super. 1999), *appeal denied,* 559 Pa. 686, 739 A.2d 1058 (1999). Compare also the concurring opinion of Judge Hoffman in *Lewis v. Reid,* 244 Pa. Super. 76, 86, 366 A.2d 923, 927-28 (1976), in which Judge Hoffman noted two basic situations in which judgments of non pros are entered—where a plaintiff has failed to comply with a court order and where a plaintiff has failed to prosecute his action within a reasonable time—and stating that prejudice need not be demonstrated in the first instance but that prejudice must be established in the latter context. In this case, at the time the judgment of non pros was entered, the statute of limitations had not run and Passalacqua suffered no prejudice in being able to commence a new suit.

Sheriff's office on March 26, 2001, prior to the court's order of April 11, 2001.[3] Other than this purported service of the amended complaint on defendants, the only other grounds for relief set forth in Passalacqua's motion is that the entry of judgment of non pros was made "in clear error."

A rule to show cause, returnable within 20 days, was issued by the court on July 13, 2001. This rule further provided that the petition would be decided under Pa.R.C.P. 206.7. Defendants filed their answer to the motion on July 23, 2001. In this answer, defendants denied that the amended complaint was properly reinstated and served upon defendants. The answer further denied, as a conclusion of law, Passalacqua's assertion that the entry

_____

3. A photocopy of a document captioned "Order for service" attached to Passalacqua's motion appears to indicate that a deputy from the sheriff's office in Montgomery County served something designated as "other" on the form on the defendant, Joseph Istavanick, by personal service in the Montgomery County Courthouse on March 23, 2001, and on the defendant, Elaine Passalacqua, by service on her husband, Joseph Istavanick, in the Montgomery County Courthouse on the same date. The document does not contain any original certifications, attestations, or filing stamps and the authenticity of the document is unknown. Accepting for purposes of argument the inference that Passalacqua made arrangements directly with the sheriff's office of Montgomery County for service of the amended complaint on defendants, the service remained defective since the amended complaint was not reinstated prior to service, the Montgomery County Sheriff's office was not deputized to make service by the Carbon County Sheriff's office and the rules for service do not permit personal service upon a defendant by service upon the defendant's spouse at a location other than the defendant's residence. Most importantly, this purported service occurred prior to the order of April 11, 2001. Passalacqua took no steps after April 11, 2001, to reinstate the complaint or effectuate proper service.

of judgment of non pros was made "in clear error." No transcripts of depositions in support of the motion were filed or presented to the court; argument on the motion was held on November 21, 2001.

Initially, defendants argue that a challenge to a judgment of non pros must be made by direct appeal to the Superior Court, rather than a motion to the trial court in the first instance and, therefore, this court should not address the merits of Passalacqua's motion. While previously uncertainty existed as to the proper manner to challenge the entry of a judgment of non pros, this uncertainty was recently settled by the Pennsylvania Supreme Court in *Sahutsky v. H.H. Knoebel Sons,* 566 Pa. 593, 782 A.2d 996 (2001). In *Sahutsky,* the court held that Pa.R.C.P. 3051 requires a party seeking appellate review of a judgment of non pros, whether or not entered with prejudice, to first file a petition to open the judgment with the trial court.

Defendants next argue that Passalacqua's motion is procedurally defective, fails to identify the grounds for relief, and, consequently, fails to preserve any issues for review. This argument has merit.

Rule 3051 requires that relief from a judgment of non pros shall be sought by petition and that all grounds for relief must be asserted in a single petition. The petition is required to allege facts showing (1) the timely filing of the petition; (2) a reasonable explanation or legitimate excuse for the inactivity or delay; (3) a meritorious cause of action. Pa.R.C.P. 3051(b). Petition practice further requires that a petition state the material facts which constitute the grounds for relief. Pa.R.C.P. 206.1(a).

When the answer to a petition raises disputed issues of material fact, and no depositions or other discovery have been taken by the petitioner with respect to such issues, the petition is to be decided on the petition and answer and all averments of fact responsive to the petition and properly pleaded in the answer are deemed admitted. Pa.R.C.P. 206.7(c).

Passalacqua's motion fails to identify the basis for his claim that the entry of judgment of non pros was "in clear error" and fails to allege any facts explaining why he failed to comply with the court's order of April 11, 2001. Passalacqua's motion on its face is patently inadequate. Nor did Passalacqua develop a record to support the boilerplate averment that the judgment of non pros was entered in error. Compare *Perri v. Broad Street Hospital,* 330 Pa. Super. 50, 478 A.2d 1344 (1984).

Passalacqua's decision, until recently,[4] to proceed pro se does not absolve him of responsibility to comply with procedural rules, impose an affirmative duty on the opposing party or the court to instruct him on procedure, or require the court to ignore the procedural requirements in order to reach the merits of his claim. In affirming the trial court's entry of a judgment of non pros against a pro se litigant, and noting that the allegations of the litigant's petition to open were appallingly vague and conclusory and did not reasonably explain the delay in filing the petition or aver facts to establish a legitimate cause of action, the Pennsylvania Superior Court stated:

---

4. Counsel for Passalacqua first became involved in this matter at the time of argument on Passalacqua's motion to vacate.

"The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law." *Jones v. Rudenstein,* 401 Pa. Super. 400, 404, 585 A.2d 520, 522 (1991), *appeal denied,* 529 Pa. 634, 600 A.2d 954 (1991), quoting *Farretta v. California,* 422 U.S. 806, 834 n.46, 95 S.Ct. 2525, 2540 n.46, 45 L.Ed.2d 562, 581 n.46 (1975). In failing to identify any alleged grounds for error in the entry of the judgment of non pros, Passalacqua failed to preserve any issues of error. This failure is fatal to his motion and requires its denial.

Turning to the arguable merits of Passalacqua's motion,[5] two interrelated issues need to be addressed: (1) is

---

5. In addressing these merits, the court does not intend to excuse or overlook the procedural deficiencies in Passalacqua's motion which, as previously indicated, form the basis of its denial, but to indicate that notwithstanding the procedural inadequacies, the motion is without merit.

The Pennsylvania Superior Court has also recently reaffirmed its deference to the manner in which it reviews a trial court's exercise of its discretion with respect to a request to open a judgment of non pros:

"Initially, we note our well-settled standard of review.

"A request to open a judgment of non pros is by way of grace and not of right and its grant or refusal is peculiarly a matter for the [trial] court's discretion. We are loathe to reverse the exercise of the court's equitable powers unless an abuse of discretion is clearly evident. Before a petition to open a judgment of non pros may be granted, the moving party must (1) promptly file a petition to open, (2) present a reasonable explanation or excuse for the default or delay that precipitated the non pros, and (3) establish that there are sufficient facts to support a cause of action." *MacKintosh-Hemphill Intern. Inc. v. Gulf & Western Inc.,* 451 Pa. Super. 385, 679 A.2d 1275, 1278-79 (1996), *appeal denied,* 548 Pa. 637, 694 A.2d 622 (1997). *Kruis v. McKenna,* 790 A.2d 322, 324-25 (Pa. Super. 2001).

dismissal of a lawsuit ordinarily a proper remedy for defective service; and (2) is dismissal of a lawsuit for defective service appropriate when the plaintiff has been given the opportunity to correct the defect and failed to do so after being advised that his failure would result in a judgment of non pros and, in the interim, the passage of the statute of limitations would render the lawsuit nonviable.

The first issue has been answered for the most part by *Collins v. Park,* 423 Pa. Super. 601, 606, 621 A.2d 996, 999 (1993), *appeal denied,* 536 Pa. 618, 637 A.2d 278 (1993):

"Where service of process is defective, the proper remedy is to set aside the service. In that event, the action remains open, but it cannot proceed against a defendant unless the plaintiff can thereafter effect service on such defendant which is sufficient to vest jurisdiction in the court."

Consistent with *Collins,* this court's order of April 11, 2001, set aside service of the amended complaint by first class mail and allowed Passalacqua to attempt to effect proper service of process which would vest jurisdiction in the court.[6] See also, *Weaver v. Martin,* 440 Pa. Super. 185, 193, 655 A.2d 180, 184 (1995). (The proper remedy for defective service is to set aside the service and

---

6. The court's order of April 11, 2001, clearly sustained defendants' preliminary objections to defective service of the amended complaint but incorrectly struck the affidavit of service filed on March 6, 2001 (this affidavit relates to service of Passalacqua's brief in opposition to the preliminary objections) rather than the affidavit of service filed on November 15, 2000, with respect to the amended complaint. This error has been corrected in the order attached to this opinion.

48

provide the plaintiff with an opportunity to effect proper service.)

As recognized in *Collins,* valid service is a prerequisite to a court acquiring personal jurisdiction over a defendant.

"Service of process is a mechanism by which a court obtains jurisdiction of a defendant, and therefore, the rules concerning service of process must be strictly followed. . . . Without valid service, a court lacks personal jurisdiction of a defendant and is powerless to enter judgment against him or her. . . . Thus, improper service is not merely a procedural defect that can be ignored when a defendant subsequently learns of the action against him or her." *Cintas Corp. v. Lee's Cleaning Services Inc.,* 549 Pa. 84, 91, 700 A.2d 915, 917-18 (1997). (citations omitted)

The significance of valid service, however, is not limited to acquiring jurisdiction over the defendant and providing defendant with notice of the action. Service of process is a fundamental step in completing the progression of events by which an action is commenced. *Witherspoon v. City of Philadelphia,* 564 Pa. 388, 397, 768 A.2d 1079, 1084 (2001).

In *Lamp v. Heyman,* 469 Pa. 465, 478, 366 A.2d 882, 889 (1976), the Supreme Court determined that "a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." The court further stated that "a plaintiff should comply with local practice as to delivery of the writ to the sheriff for service." *Id.* Subse-

quently, in *Farinacci v. Beaver County Industrial Development Authority*, 510 Pa. 589, 594, 511 A.2d 757, 759 (1986), the Supreme Court reiterated and refined its decision in *Lamp* by stating that *"Lamp* requires of plaintiffs a good-faith effort to effectuate notice of commencement of the action."

What constitutes a good-faith effort to serve legal process is a matter to be determined by the court in its sound discretion on a case-by-case basis. *Id.* at 594, 511 A.2d at 759. In effect, the Supreme Court determined in *Lamp* and *Farinacci* that while an action may be "commenced" by the filing of a praecipe for a writ of summons, service, or at least a good-faith attempt at service, is a condition subsequent that must be fulfilled to complete the commencement of the action begun by filing the praecipe. *Witherspoon v. City of Philadelphia*, 564 Pa. 388, 395, 768 A.2d 1079, 1083 (2001).[7]

In *Witherspoon*, plaintiff commenced an action by the filing of a praecipe for a writ of summons within one week prior to the expiration of the statute of limitations and, within 30 days thereafter, made one unsuccessful attempt at service through a private process server. Approximately eight months after filing his praecipe, a complaint was filed and properly served within 30 days. Prior to service of the complaint, however, no further attempts to serve the writ were made. Preliminary objections asserting that the failure to serve the writ within 30 days as

---

7. The same reasoning applies when suit is "commenced" by the filing of a complaint, as in this case, rather than a praecipe for writ of summons. *Pannill v. Seahorne*, 278 Pa. Super. 562, 568, 420 A.2d 684, 687 (1980).

required by Pa.R.C.P. 401(a), or reissue it pursuant to Pa.R.C.P. 401(b)(1), were sustained by the trial court. Service of the complaint was stricken, effectively terminating plaintiff's action on account of the statute of limitations. The Pennsylvania Supreme Court affirmed this result and found that the trial court did not abuse its discretion in granting the defendant's preliminary objections. In so finding, the court stated:

"Given the importance of service of original process in completing the progression of events by which an action is commenced, we deem it necessary that where that progression 'straddles the line' of the limitation period the process must be served within the time allowed by the Rules of Civil Procedure or, if service cannot be made, the process must be immediately and continually reissued until service is made. Although Pa.R.C.P. 401(b)(2) states that '[a] writ may be reissued or a complaint reinstated *at any time* and any number of times' (emphasis added), this cannot be construed to permit the reissuance of a writ or reinstatement of a complaint to 'revive' an action as to which the limitation period has expired." *Witherspoon v. City of Philadelphia,* 564 Pa. at 398, 768 A.2d at 1084. (footnote omitted)

Although arguably Passalacqua's service of the complaint and amended complaint, albeit defective, exhibited a "good-faith effort to effectuate notice of commencement of the action" upon defendants, and in fact did provide actual notice to defendants, Passalacqua's failure thereafter to reinstate the complaint and effect proper service after being explicitly instructed by this court to do so in its order of April 11, 2001, evidenced a "course of conduct which [served] to stall in its tracks the legal

machinery he [had] set in motion."[8] Without reinstatement of the complaint and proper service, personal jurisdiction over the defendants could not be obtained and the ability of the lawsuit to proceed was prevented. Even

8. At a minimum, the good-faith effort required in *Lamp v. Heyman,* mandates compliance with the Pennsylvania Rules of Procedure and local practice. *Cahill v. Schults,* 434 Pa. Super. 332, 643 A.2d 121 (1994); *Feher by Feher v. Altman,* 357 Pa. Super. 50, 54, 515 A.2d 317, 319 (1986), *appeal denied,* 515 Pa. 622, 531 A.2d 430 (1987).

In *Green v. Vinglas,* 431 Pa. Super. 58, 635 A.2d 1070 (1993), *appeal denied,* 540 Pa. 583, 655 A.2d 515 (1995), the court upheld the dismissal of plaintiff's suit, with prejudice, finding that plaintiff's filing of a praecipe for a writ of summons did not toll the statute of limitations where plaintiff failed to obtain timely service of the writ due to her unwitting failure to prepay the sheriff's office for deputized service as required by local practice. See also, *Patterson v. American Bosh Corp.,* 914 F.2d 384 (3d Cir. 1990).

However, in *Leidich v. Franklin,* 394 Pa. Super. 302, 575 A.2d 914 (1990), *appeal denied,* 526 Pa. 636, 584 A.2d 319 (1990), under the special circumstances present in that case, plaintiffs were found to have exercised good faith by promptly serving a copy of the writ of summons upon the defendant by first class mail. See also, *Fulco v. Shaffer,* 455 Pa. Super. 30, 686 A.2d 1330 (1996), and *Young v. PennDOT,* 690 A.2d 1300 (Pa. Commw. 1997).

Nevertheless, the Superior Court explicitly cautioned in *Leidich* that its decision was not intended to signal to the bench and bar the court's approval of the circumvention of the Pennsylvania Rules of Civil Procedure and local practice but was confined to the particular facts in *Leidich* where "Lamp's 'good-faith' effort to notify the defendants was established in tandem with the absence of a 'course of conduct' attributable to the plaintiff evidencing a stalling of the machinery of justice." Here, Passalacqua's serving "notice" of a lawsuit two months prior to commencement of the action, while subject to consideration, does not require a finding of good faith since the action had not yet been commenced; Passalacqua could have changed his mind and elected not to sue after having given such notice. Compare, *Witherspoon v. City of Philadelphia,* 564 Pa. 388, 392, 768 A.2d 1079, 1081 (2001). Moreover, Passalacqua's filing and service of the

though a "good-faith" effort to notify a defendant of the institution of a lawsuit must be established, the thrust of all inquiry is whether a plaintiff engaged in a "course of conduct" forestalling the legal machinery put in motion by his filings. *Leidich v. Franklin,* 394 Pa. Super. 302, 311, 575 A.2d 914, 918 (1990), *appeal denied,* 526 Pa. 636, 584 A.2d 319 (1990). "Good-faith" must be established in tandem with the absence of a "course of conduct" attributable to the plaintiff evidencing a stalling of the machinery of justice. *Id.* at 314, 575 A.2d at 920; *Moses v. T.N.T. Redstar Express,* 725 A.2d 792, 798, 799 (Pa. Super. 1999), *appeal denied,* 559 Pa. 686, 739 A.2d 1058 (1999). Passalacqua's decision to represent himself was unwise; his decision to ignore this court's order of April 11, 2001, was inexcusable.

*Witherspoon* instructs that a plaintiff must make continuous efforts to serve the defendant in order to meet the "good-faith" standard. In ignoring the directions of this court as set forth in the order of April 11, 2001, Passalacqua has not met this standard and did so knowing that his failure to comply would result in dismissal of his action. Consequently, whatever conduct Passalacqua may have argued extended the period of the statute of limitations by tolling, ceased prior to the running of the limitations period which expired on January 1,

---

amended complaint following defendants' original preliminary objections and supporting brief specifically challenging not the timeliness of service, but the manner of service, put Passalacqua on notice of a need to make personal service. Additionally, it has long been the established practice in Carbon County when a plaintiff commences an action by complaint that the plaintiff is responsible for delivering the complaint to the sheriff's office with instructions for service and the payment of proper fees. All of these facts weigh against a "good-faith" finding even prior to Passalacqua's decision to ignore the directions of the April 11, 2001 order.

2002. 42 Pa.C.S. §5525 (four-year statute of limitations ordinarily applicable to claims upon a contract). With passage of the original statute of limitations and the abolition of the "equivalent period" doctrine in *Witherspoon,* Passalacqua's ability to reinstate the amended complaint ended. The interrelationship of Pennsylvania Rules of Civil Procedure 400, 402 and 401(b)(2) which otherwise, when construed in pari materia, bar the court from dismissing a complaint on the basis of defective service alone, reinforce a dismissal in this case. *Trzcinski v. Prudential,* 409 Pa. Super. 114, 120, 597 A.2d 687, 690 (1991); *Green v. Vinglas,* 431 Pa. Super. 58, 635 A.2d 1070 (1993), *appeal denied,* 540 Pa. 583, 655 A.2d 515 (1995).

For the forgoing reasons, we find that Passalacqua has failed to offer a satisfactory excuse for not complying with this court's order of April 11, 2001, and we enter the following:

## ORDER

And now, January 28, 2002, it is hereby ordered and decreed that the motion of the plaintiff, Frank Passalacqua, to vacate the entry of judgment non pros entered on June 8, 2001, is denied.

It is further ordered and decreed that this court's order dated April 11, 2001, is hereby revised and amended to correctly reflect the striking of the affidavit of service filed on November 15, 2000, with respect to the amended complaint, rather than the affidavit of service filed on March 6, 2001, with respect to Passalacqua's brief in opposition to defendants' preliminary objections.