**JOHN XXIII HOME, Petitioner**

v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 4, 2007.

Decided Oct. 15, 2007.

---

Donald R. Reavey, Harrisburg, for petitioner.

Jeffrey R. Schmoyer, Pittsburgh, for respondent.

BEFORE: McGINLEY, Judge, LEAVITT, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge LEAVITT.

John XXIII Home petitions for review of a final order of the Department of Public Welfare, Bureau of Hearings and Appeals (Bureau), dismissing for lack of jurisdiction John XXIII Home's claim challenging adjustments made by the Department to the Home's previously audited Medical Assistance allowable costs. John XXIII Home's appeal came to the Bureau on transfer from the Board of Claims. The Bureau adopted the adjudication and recommendation of its Administrative Law Judge (ALJ) that the Department should not accept jurisdiction over the transferred matter because John XXIII Home had not satisfied the Bureau's statute of limitations for such appeals. We now consider whether the Bureau committed an error of law in doing so.

John XXIII Home is a licensed nursing facility for seniors and a participating provider in the Pennsylvania Medical Assistance Program. The Department is the Commonwealth agency charged with administration of the Medical Assistance Program, which includes, *inter alia*, contracting with providers such as John XXIII Home to provide services to those enrolled in Medical Assistance.

During the time period relevant to this case, the Department used a retrospective cost-based reimbursement system to make payments to Medical Assistance nursing facility providers, including John XXIII Home. Under that system, the Department paid nursing facilities for their allowable costs of rendering services to Medical Assistance recipients. Pending audit and certification of those allowable costs by the Department, the Department made interim payments to nursing facilities based upon their submitted claims. Following the close of each fiscal year, the nursing facility would file a cost report with the Department identifying both the total and the allowable costs it incurred during that year. After the Department audited the costs reported by the facility on its cost report, the Department would issue two letters to the facility. The first letter transmitted an audit report, in which the Department identified the facility's Medical Assistance allowable costs for the fiscal year that had been certified by the Department for reimbursement. The second letter compared those Medical Assistance audited allowable costs to the interim payments which the Department had made, and informed the facility whether there was an overpayment or underpayment.

Between 1989 and 1993, John XXIII Home submitted cost reports for the fiscal years ending (FYE) December 31, 1988, 1991, and 1992. The Department audited those cost reports and issued corresponding audit reports identifying John XXIII Home's audited allowable costs for each fiscal year. The Department issued its audit report for FYE 1988 on July 26, 1990, for FYE 1991 on January 13, 1993, and for FYE 1992 on February 1, 1994. John XXIII Home did not appeal any of these audit reports to the Bureau.

Based upon each audit report, the Department's Comptroller calculated a cost

settlement for each of the relevant fiscal years by comparing John XXIII Home's audited Medical Assistance allowable costs with the interim payments it had received. The Comptroller determined that John XXIII Home had been underpaid in each of the fiscal years ending 1988, 1991 and 1992. The Comptroller's cost settlements for the fiscal periods were issued under transmittal letters dated August 14, 1990, March 3, 1993, and May 4, 1994. John XXIII Home did not appeal any of these cost settlements.

Several years later, in a letter dated February 10, 1999, John Smolock, Assistant Comptroller for Medical Assistance Programs, notified John XXIII Home that the cost settlements issued by the Department for fiscal years 1988, 1991 and 1992 were being revised. As a result of the revisions, the Comptroller determined that, rather than being underpaid, John XXIII Home had been overpaid a total of $5,019.56 for the three fiscal periods. Smolock advised John XXIII Home that it owed this amount to the Department by June 30, 1999, and that it had a right to appeal the revised cost settlement within 30 days to the Bureau.

On February 24, 1999, John XXIII Home filed an appeal with the Bureau on the following grounds:

> John XXIII Home appeals this Revised/Recovery Settlement Notice because the recoupments are barred by the statute of limitations, are not permitted by the law, including, but not limited to, the Public Welfare Code, Department of Public Welfare Regulations, Protocols, policies and the applicable Medicare regulations. The recoupments are also arbitrary, capricious and not supported by the evidence. The Department is estopped from revising the final cost settlements previously issued. John XXIII Home reserves the right to supplement the reasons given for this appeal.

Letter from Counsel, February 24, 1999. Notably, John XXIII Home's appeal did not challenge the Department's underlying audit reports or the Medical Assistance allowable costs determined in the audits. John XXIII Home reserved its right to file a statement of claim with the Board of Claims.

Thereafter, on August 5, 1999, John XXIII Home filed a statement of claim with the Board of Claims challenging the Department's audit adjustments for each of the fiscal periods at issue. John XXIII Home's primary theory before the Board of Claims was that the Department had incorrectly applied its own regulations in making the adjustments, thereby breaching its contractual obligation to make payments to John XXIII Home in accordance with those regulations. In its answer with new matter, the Department countered that the claim was untimely since it was not filed within six months after it accrued. *See* 72 P.S. § 4651–6.[1] In support, the

---

1. At the time John XXIII Home filed its claim, the statute commonly called the Board of Claims Act stated, in relevant part, as follows:

> The board shall have no power and exercise no jurisdiction over a claim asserted against the Commonwealth unless the claim shall have been filed within six months after it accrued.

Section 6 of the Board of Claims Act, Act of May 20, 1937, P.L. 728, *as amended, formerly* 72 P.S. § 4651–6. The Board of Claims Act was repealed by the Act of December 3, 2002, P.L. 1147, and reenacted as part of Title 62 of Pennsylvania's Consolidated Statutes, effective June 28, 2003. Under the current version, an aggrieved contractor must file a claim with the contracting officer of the Commonwealth within six months of the date it accrues. 62 Pa.C.S. § 1712.1(b). Within 15 days of the mailing date of a final determination denying a claim by the contracting officer, or within 135 days of filing a claim,

Department noted that John XXIII Home had received the pertinent audit reports and cost settlement letters years before it commenced its claim with the Board of Claims.

While John XXIII Home's claim was pending in the Board of Claims, the Pennsylvania Supreme Court held in *Department of Public Welfare v. Presbyterian Medical Center of Oakmont,* 583 Pa. 336, 877 A.2d 419 (2005), that the Board of Claims did not have jurisdiction over Medical Assistance reimbursement disputes. As a result, on October 24, 2005, the Board of Claims transferred John XXIII Home's claim to the Bureau. The Bureau issued a rule to show cause why the transferred claim should not be dismissed as untimely since it had not been filed within 30 days of the adverse notice, as required by the Department's regulations for actions before the Bureau. *See* 55 Pa.Code §§ 1101.84, 1181.101(c) and (d), 1187.141(2)(e).

The ALJ, who did not conduct an evidentiary hearing on the rule to show cause, recommended that the transferred claim be dismissed. The ALJ reasoned that the Bureau did not have jurisdiction to hear the transferred claim because although it was timely filed with the Board of Claims, it was not filed within thirty (30) days of issuance of the February 10, 1999, adverse action letter as is required for appeals filed with the Bureau. ALJ's Recommendation, May 23, 2006. Upon review, the Department adopted the recommendation of the ALJ and on May 24, 2006, dismissed John XXIII Home's appeal as untimely. John XXIII Home petitioned for this Court's review on June 19, 2006.

John XXIII Home raises several issues for this Court's consideration. The first concerns the impact of this Court's recent decision in *Baptist Home of Philadelphia v. Department of Public Welfare,* 910 A.2d 760 (Pa.Cmwlth.2006), *appeal denied,* 592 Pa. 760, 923 A.2d 411 (2007), which was decided several months after John XXIII Home filed the present petition for review. Because both parties agree that *Baptist Home* is controlling, we begin with a brief discussion of that decision.

*Baptist Home* was procedurally similar to the case at bar. Like John XXIII Home, Baptist Home provides services to those enrolled in Medical Assistance. Baptist Home disagreed with the Department's audit for FYE 2001 and filed a breach of contract claim with the Board of Claims asserting that the Department had erroneously calculated the amounts it owed to Baptist Home. The Board of Claims transferred Baptist Home's claim to the Bureau following the *Oakmont* decisions of this Court and the Pennsylvania Supreme Court. The Bureau eventually dismissed the transferred claim as untimely because it had not been filed with the Board of Claims within the statutory 30-day deadline for appeals to the Bureau.

This Court conducted an exhaustive statutory analysis of Act 142 of 2002,[2] which divested the Board of Claims of jurisdiction over Medical Assistance provider reimbursement disputes and established procedures for such matters to be heard by the Bureau. We focused on Section 21.2 of Act 142, which states:

Any claim filed and not finally resolved under the act of May 20, 1937 (P.L. 728, No. 193), referred to as the Board of Claims Act, prior to the effective date of this act, shall be disposed of in accordance with the Board of Claims Act.

whichever occurs first, the contractor may file a statement of claim with the Board of Claims. 62 Pa.C.S. § 1712.1(e).

2. Act of December 3, 2002, P.L. 1147.

Section 21.2 of Act 142–2002. We held, based upon a plain reading of Section 21.2, that

> upon transfer of Baptist Home's appeal, the Bureau was required to apply the six-month statute of limitations in the Board of Claims Act because the appeal was filed on May 9, 2003, before this Court's decision in *Oakmont I* and before the effective date of the statutory provision that divested the Board of Claims of jurisdiction over Baptist Home's claim.

*Baptist Home,* 910 A.2d at 762.

Because Baptist Home had filed its statement of claim with the Board of Claims within six months of receiving the disputed audit report, we reversed the Bureau's determination that it lacked subject matter jurisdiction over the transferred claim and remanded the matter for a hearing on the merits. We emphasized that Section 21.2 of Act 142 represents a "clear expression of the General Assembly that appeals, such as that of Baptist Home, get a hearing on the merits if timely filed in the Board of Claims prior to the effective date of Subchapter C of Title 62 [June 28, 2003]." *Baptist Home,* 910 A.2d at 766.

Presently, the parties agree that *Baptist Home* is controlling and requires that this case be remanded. They disagree over what should happen on remand. John XXIII Home argues that because its claim was timely filed with the Board of Claims, the Bureau must review the merits of the now transferred claim, which includes a challenge to the Department's audit reports for the years that triggered the revised settlements. The Department contends that the timeliness issue has not been resolved and cannot be resolved without an evidentiary hearing before the Bureau. The Department suggests that both parties should develop a record on whether it was the Department's issuance of the

original audit reports or the issuance of the revised final cost settlements that triggered the six-month statute of limitations for filing in the Board of Claims. The Department's position is devoid of merit.

First, the Department's position is contradicted by the adjudication and recommendation of its own ALJ, which the Bureau adopted in its entirety. The ALJ stated that the transferred appeal, *"although timely filed with the Board of Claims,* was not filed within thirty (30) days of issuance of the February 10, 1999 adverse action letter as is required for the Bureau of Hearings to have jurisdiction . . .".* ALJ's Recommendation, May 23, 2006 (emphasis added). Thus, the Bureau's own order conclusively established that February 10, 1999, the date of Smolock's letter, was the operative date for beginning the six-month limitations period.

Second, the timeliness issue is governed by law applicable to the Board of Claims. In *Darien Capital Management, Inc. v. Public School Employees' Retirement System,* 549 Pa. 1, 700 A.2d 395 (1997), the Pennsylvania Supreme Court adopted a two-prong standard for determining when a claim accrues for purposes of the Board of Claims' six-month statute of limitations. The Court held:

> A claim accrues when 1) a claimant is first able to litigate his or her claim, e.g., when the amount due under the claim is known and the claimant is capable of preparing a concise and specific written statement detailing the injury, *and* 2) the claimant is affirmatively notified that he or she will not be paid by the Commonwealth.

*Id.* at 6, 700 A.2d at 397 (emphasis original).

Based upon the record before this Court, it is abundantly clear that John XXIII Home's claim accrued on February

10, 1999. Indeed, it is rather disingenuous of the Department to argue that the limitations period began to run when the underlying audit reports or corresponding cost settlements were issued in 1990, 1993 and 1994. John XXIII Home had no reason to question those items until it received Smolock's letter on February 10, 1999, stating that the cost settlements for fiscal years 1988, 1991 and 1992 would be revised and that John XXIII Home had actually been overpaid instead of underpaid for those years. Thus, because John XXIII Home's claim accrued for purposes of the Board of Claims Act on February 10, 1999, its claim filed on August 5, 1999, was timely.

In summary, we hold that John XXIII Home complied with the applicable six-month statute of limitations when it filed its claim with the Board of Claims on August 5, 1999. Under *Baptist Home,*

John XXIII Home is entitled to a hearing on the merits of its transferred claim.[3] We therefore vacate the order of the Bureau and remand for that purpose.[4]

### ORDER

AND NOW, this 15th day of October, 2007, the order of the Department of Public Welfare, Bureau of Hearings and Appeals, in the above-captioned matter, dated May 24, 2006, is VACATED and the matter is REMANDED for a hearing on the merits of Petitioner's claim.

Jurisdiction is relinquished.

**3.** Another recent decision of this court, *Lancaster Nursing Center v. Department of Public Welfare,* 916 A.2d 707 (Pa.Cmwlth.2007), is distinguishable. In that case, the Bureau dismissed an appeal transferred from the Board of Claims for two reasons: because it was not filed within the Bureau's 30–day limitations period *and* because the petitioner had filed a concurrent, duplicate appeal from the same audit report with the Bureau. In the case at bar, the statute of limitations was the Bureau's only stated reason for dismissing the

transferred claim. We are aware that John XXIII Home has an existing appeal before the Bureau, which challenges the Department's legal right to seek recoupments for the three fiscal years in question. The appeal transferred from the Board of Claims challenged the revisions to the underlying audit reports.

**4.** We need not consider the additional issues raised by John XXIII Home in its petition for review.