IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard J. Coppola, Jr.,     :
      Appellant   :
            :  No. 693 C.D. 2020
     v.     :
            :  Submitted: December 18, 2020
Pennsylvania Department of Labor :
and Industry, State Workers'  :
Insurance Fund      :


BEFORE:  HONORABLE PATRICIA A. McCULLOUGH, Judge
      HONORABLE MICHAEL H. WOJCIK, Judge
      HONORABLE J. ANDREW CROMPTON, Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH      FILED: August 6, 2021


   Richard J. Coppola, Jr., appeals, *pro se*, the January 24, 2020 order of the Court of Common Pleas of Bucks County (trial court), which sustained the preliminary objections of the Pennsylvania Department of Labor and Industry, State Workers' Insurance Fund (SWIF),[1] and dismissed with prejudice Coppola's complaint against SWIF (Complaint).  We affirm.

   The dispute concerns the assessment of premiums in connection with an insurance contract issued by SWIF to Coppola's company, GOE International, LLC (GOE).  Coppola initially filed a suit against SWIF in 2015, on behalf of himself and

---

[1] SWIF is a state-created fund established to provide workers' compensation insurance to Pennsylvania employers.  Section 1504 of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of June 24, 1996, P.L. 350, 77 P.S. § 2604.

GOE, advancing purported claims for breach of contract, conversion, unjust enrichment, gross negligence, tortious interference with contractual relations, bad faith, fraud, abuse of power, misappropriation, and extortion (the 2015 Action). SWIF filed numerous preliminary objections, which ultimately were sustained and the action was dismissed. Coppola sought an appeal, initially to the Superior Court, which transferred the matter to this Court. *Coppola v. Department of Labor and Industry, State Workers' Insurance Fund* (Pa. Cmwlth., No. 329 C.D. 2019, discontinued August 15, 2019). Coppola, however, filed an application to withdraw his appeal, which this Court granted in an order dated August 15, 2019, wherein we noted that Coppola voluntarily discontinued the matter because he "pursued an alternative action and believes this appeal is no longer necessary." *Id.*

Coppola's "alternative action" was his filing of the instant Complaint on June 20, 2019. Therein, Coppola pleaded the same facts that he asserted in the 2015 Action.[2] Specifically, Coppola pleaded that, on or about December 3, 2012, he declined insurance coverage from SWIF via a voluntary election form provided to him by SWIF, but SWIF provided him coverage and charged him therefor. (Complaint ¶4.) Coppola asserted that he provided SWIF with a conditional acceptance of a policy for 2013-2014, pending a quote, but SWIF never provided him the requested quote, yet charged him for coverage. *Id.* ¶¶6-7. A similar transaction occurred again, Coppola pleaded, in 2015, when SWIF renewed the coverage despite his submission of a voluntary election form in which he declined coverage. *Id.* ¶8. Coppola further asserted that SWIF, through an auditor, falsified documents in order to charge him with the highest premium possible. *Id.* ¶10. Coppola additionally pleaded that SWIF filed a "CRP Report" on November 25, 2013, of which he was not aware until September

---

[2] Unlike the 2015 Action, Coppola listed himself as the sole plaintiff, excluding GOE.

15, 2015, but which was "derogatory" and has caused him reputational and financial harm. *Id.* ¶¶11, 20. The Complaint did not explain what a "CRP Report" is. Coppola did not assert discrete counts as he did in the 2015 Action, but he casted SWIF's conduct in similar terms, *e.g.*, unjust enrichment, tortious interference with contractual relations, gross negligence, fraud, abuse of power, and extortion. *Id.* ¶¶15-27. Coppola requested damages in excess of $50,000.00, together with punitive damages, treble damages, attorney's fees, and costs of the litigation.

SWIF filed preliminary objections to the Complaint, some of which echoed those upon which SWIF prevailed in the 2015 Action. SWIF contended that Coppola did not properly effectuate service of original process; that his action is barred by collateral estoppel; that subject matter jurisdiction lay exclusively in the Board of Claims rather than the trial court; that the action is barred by sovereign immunity; that the applicable statute of limitations had run; that Coppola failed to attach necessary writings to the Complaint; and that Coppola failed to plead fraud with particularity. The trial court entered an order dated January 24, 2020, sustaining SWIF's preliminary objections and dismissing the Complaint with prejudice.

In its opinion pursuant to Pa.R.A.P. 1925(a), the trial court articulated several independent grounds for dismissal. First, the trial court determined that Coppola's action was barred by collateral estoppel.[3] (Trial Court Opinion, 4/14/2020;

_____

[3] "Collateral estoppel . . . bars re-litigation of an issue that was decided in a prior action, although it does not require that the claim as such be the same." *In re Coatesville Area School District*, 244 A.3d 373, 379 (Pa. 2021). Collateral estoppel applies where "the issue is the same as in the prior litigation; the prior action resulted in a final judgment on the merits; the party against whom the doctrine is asserted was a party or in privity with a party to the prior action; and the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior action." *Id.* (citing *Rue v. K-Mart Corp.*, 713 A.2d 82, 84 (Pa. 1998)). Courts sometimes add a fifth element to the test for collateral estoppel, "that resolution of the issue in the prior proceeding was essential to the judgment." *Id.* (citing *Office of Disciplinary Counsel v. Kiesewetter*, 889 A.2d 47, 50-51 (Pa.
**(Footnote continued on next page…)**

Original Record (O.R.) Item 14 (Trial Ct. Op.), at 4.)   The trial court found it "abundantly clear that Coppola is suing for the exact same thing he brought suit for" in the 2015 Action. *Id.* "He has asserted, verbatim, the same exact set of facts." *Id.* The trial court reasoned that both Coppola and SWIF were parties to the 2015 Action, that action resulted in a final judgment on the merits, and Coppola had a full and fair opportunity to litigate the issues, as evidenced by his four opportunities to amend his complaint. *Id.* Coppola initially appealed, but voluntarily withdrew his appeal. *Id.* "Coppola," the trial court concluded, "is not entitled to a second bite at the apple due to his own omissions and decisions." *Id.*

In addition to collateral estoppel, the trial court reasoned that it lacked subject matter jurisdiction because Coppola's action belonged in the Board of Claims. Pursuant to section 1724(a)(1) of the Commonwealth Procurement Code (Procurement Code), the Board of Claims has "exclusive jurisdiction to arbitrate claims arising from . . . [a] contract entered into by a Commonwealth agency in accordance with this part[, *i.e.*, the Procurement Code] and filed with the [Board of Claims] in accordance with section 1712.1 (relating to contract controversies)." *Id.* at 5 (quoting 62 Pa.C.S. §1724(a)(1)).  The trial court cited *State Workmen's Insurance Fund, Department of Labor and Industry v. Caparo Real Estate Inc.*, 635 A.2d 705 (Pa. Cmwlth. 1993), in support of the proposition that the Board of Claims has jurisdiction over contract claims against SWIF.  Because Coppola's claims arose from a contract dispute with SWIF, the trial court concluded that exclusive subject matter jurisdiction lay in the Board of Claims under section 1724(a)(1) of the Procurement Code, 62 Pa.C.S. §1724(a)(1).

Personal jurisdiction was also lacking, the trial court reasoned, because Coppola failed to effectuate proper service of process. (Trial Ct. Op. at 5.)  Rule 400(a)

2005)).  Although the trial court relied upon collateral estoppel in the instant case, SWIF does not presently assert the doctrine as a basis for affirmance.

4

of the Pennsylvania Rules of Civil Procedure requires that, except in certain circumstances not relevant here, "original process shall be served within the Commonwealth only by the sheriff." *Id.* at 6 (quoting Pa.R.C.P. No. 400(a)). Coppola merely sent original process by first-class mail. Because this was an improper method of effectuating service, the trial court reasoned that it never obtained personal jurisdiction over SWIF.

Finally, separate from the foregoing grounds for dismissal, the trial court reasoned that Coppola's action was barred by the statute of limitations. The trial court noted that tort claims are generally subject to a two-year statute of limitations, and contract claims are generally subject to a four-year statute of limitations. *Id.* at 6-7 (citing 42 Pa.C.S. §§5524-25). Coppola's action concerned an insurance contract for 2013 and 2014, but Coppola filed the Complaint in June of 2019. Inasmuch as Coppola purported to raise various tort claims, such as negligence, tortious interference with contract, conversion, etc., these claims fell outside the two-year statute of limitations. *Id.* at 7. The latest date that Coppola referenced in the Complaint was September 2015, when he learned of the "CRP Report." *Id.* Even under the discovery rule,[4] his June 2019 filing was thus well beyond the two-year statute of limitations for tort claims. With regard to claims sounding in contract, the trial court reasoned that Coppola's allegations concerned SWIF's charging of unfair insurance premiums in 2013 and 2014, and the latest that he could have become aware of such charges was the end of 2014. *Id.* Thus, under the four-year statute of limitations for contract claims, Coppola

---

[4] Under the discovery rule, the statute of limitations does not run against the plaintiff until the discovery of the injury, or the date upon which the injury reasonably should have been discovered. *Pocono International Raceway, Inc. v. Pocono Produce, Inc.*, 468 A.2d 468, 471 (Pa. 1983) ("[U]ntil such time as the plaintiff discovers, or reasonably should have discovered, the trespass, the running of the statute is tolled.").

5

could have brought his action no later than the end of 2018. Because all possible statutes of limitations had run by June 2019 when Coppola filed the Complaint, the trial court concluded that Coppola's action was barred.

Coppola appealed the trial court's order to this Court.[5] Coppola purports to raise nine issues for our review; however, because his formulation of the questions before us is redundant, we summarize them as follows. Coppola asserts that the trial court denied him due process by dismissing his Complaint prior to discovery; by applying the doctrine of collateral estoppel; by finding that he failed to effectuate proper service; by applying statutes of limitations; by considering matters beyond the scope of SWIF's preliminary objections; and by dismissing the Complaint rather than giving Coppola an opportunity to amend it.

SWIF asserts a sequence of reasons that Coppola's Complaint was fatally deficient, and dismissal with prejudice therefore was proper. First, Coppola has readily admitted that he attempted service of original process by certified mail, and, as proof, he attached United States Postal Service receipts to his brief. Because service by mail is not permitted unless authorized by a specific rule of civil procedure, *see* Pa.R.C.P. No. 403, because no such rule applies to the instant litigation, and because "[p]roper service is a prerequisite to a court acquiring personal jurisdiction over a defendant," SWIF argues that the trial court lacked personal jurisdiction over it. (SWIF's Br. at 13 (quoting *Fraisar v. Gillis*, 892 A.2d 74, 77 (Pa. Cmwlth. 2006)).) Even if this was not a sufficient basis for dismissal, SWIF argues, the trial court correctly determined that subject matter jurisdiction over the instant matter was properly vested in the Board of Claims, not the trial court. SWIF further argues that a transfer to the Board of Claims

---

[5] "Our [standard] of review where a trial court sustains preliminary objections and dismisses a complaint is limited to determining whether the trial court committed an error of law or abused its discretion." *Kusher v. Woloschuk*, 123 A.3d 341, 344 n.3 (Pa. Cmwlth. 2015).

6

would have been futile because section 1712.1(b) of the Procurement Code imposes a six-month statute of limitations upon contract claims against the Commonwealth, and Coppola filed the Complaint well beyond the expiration thereof. 62 Pa.C.S. §1712.1(b). Finally, to the extent that Coppola purported to plead tort claims, SWIF argues that such claims do not fall within any exception to sovereign immunity enumerated in section 8522 of the Judicial Code, 42 Pa.C.S. §8522, and, thus, all purported tort claims asserted in the Complaint were barred by sovereign immunity. In any event, SWIF asserts, such tort claims all fell outside the two-year statute of limitations.

We need not address each of Coppola's assertions of error, because we agree with SWIF that Coppola's action was afflicted with numerous defects that rendered dismissal of the Complaint appropriate.

First, Coppola does not dispute that he attempted to effectuate service of original process by mail. Rather, he insists that this was sufficient because a postal worker completed the delivery, and, thus, SWIF received "adult individual hand service." (Coppola's Br. at 9.) Our procedural rules are clear that, except for certain circumstances not relevant here, "original process shall be served within the Commonwealth only by the sheriff." Pa.R.C.P. No. 400(a). Service by mail is authorized *only* "[i]f a rule of civil procedure authorizes original process to be served by mail," in which case "a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent." Pa.R.C.P. No. 403. There is no rule of civil procedure that authorized Coppola's service of the Complaint upon SWIF by mail. Coppola's attempt to effectuate service of process, therefore, was plainly defective.

7

"Service of process is a mechanism by which a court obtains jurisdiction of a defendant, and therefore, the rules concerning service of process must be strictly followed." *Cintas Corporation v. Lee's Cleaning Services, Inc.*, 700 A.2d 915, 917 (Pa. 1997) (citing *Sharp v. Valley Forge Medical Center and Heart Hospital, Inc.*, 221 A.2d 185 (Pa. 1966)). "Without valid service, a court lacks personal jurisdiction of a defendant and is powerless to enter judgment against him or her." *Id.* at 917-18 (citing *U.K. LaSalle, Inc. v. Lawless*, 618 A.2d 447 (Pa. Super. 1992)). Improper service "is not merely a procedural defect that can be ignored when a defendant subsequently learns of the action against him or her." *Id.* at 918 (citing *Frycklund v. Way*, 599 A.2d 1332 (Pa. Super. 1991)).

However, the fact that Coppola failed to properly effectuate service of original process, and that the trial court did not obtain personal jurisdiction over SWIF, does not necessarily mean that dismissal of the Complaint with prejudice was appropriate solely on this basis. Generally, where service of process is defective, the remedy is to set aside the service and "allow the plaintiff to attempt to make proper service of process on the defendant which would properly vest jurisdiction in the court." *City of Philadelphia v. Berman*, 863 A.2d 156, 160 (Pa. Cmwlth. 2004) (citing *Frycklund*; *Weaver v. Martin*, 655 A.2d 180 (Pa. Super. 1995)). Moreover, with regard to technical defects in service, our Supreme Court has held that courts should "dismiss only those claims where plaintiffs have demonstrated an intent to stall the judicial machinery or where [the] plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced [the] defendant." *McCreesh v. City of Philadelphia*, 888 A.2d 664, 674 (Pa. 2005).[6]

---

[6] *McCreesh* concerned a problem not directly presented in the instant case. Elaborating upon the principles developed in *Lamp v. Heyman*, 366 A.2d 882 (Pa. 1976), and *Farinacci v. Beaver*

**(Footnote continued on next page…)**

8

The difficulty here is that it would have been futile to allow Coppola to cure his defective attempt to effectuate service of process, because proper service would not have made his action any more viable. Perhaps the most significant obstacle remaining is that Coppola's action did not fall within the subject matter jurisdiction of the trial court. Although Coppola's Complaint refers to various torts, it is quite clear that his averments describe a contract dispute, or perhaps more accurately, a dispute concerning whether a contract existed. The gravamen of the Complaint is Coppola's

---

*County Industrial Development Authority*, 511 A.2d 757 (Pa. 1986), *McCreesh* revolved around "abuses of process by plaintiffs who tolled the statute of limitations by filing a writ of summons, had the writ repeatedly reissued, and deliberately failed to notify the defendant of the pending litigation"—a process that is "technically compliant with the Rules of Civil Procedure," but which "defeat[s] the purpose of the statute of limitations, which is to protect defendants from stale claims." *McCreesh*, 888 A.2d at 665. Eschewing the "drastic measure" of dismissal for the failure to strictly comply with the service rules in such circumstances, our Supreme Court made clear that dismissal should only occur "where plaintiffs have demonstrated an intent to stall the judicial machinery," or where the defect prejudices the defendant. *Id.* at 673-74.

Our Supreme Court recently addressed this line of cases again in *Gussom v. Teagle*, 247 A.3d 1046 (Pa. 2021). In *Gussom*, the Court clarified that "*Lamp* and its progeny require a plaintiff to make a good-faith effort in diligently and timely serving process on a defendant," and when a defendant challenges whether a plaintiff fulfilled this duty, "the plaintiff carries an evidentiary burden to demonstrate that she met her good-faith mandate." *Id.* at 1057. Where the plaintiff fails to carry the burden to prove a good-faith effort to make proper service, dismissal of the action is appropriate. However, under *McCreesh*, a trial court "should not punish a plaintiff by dismissing her complaint where she is able to establish that her improper but diligent attempts at service resulted in the defendant receiving actual notice of the commencement of the action, unless the plaintiff's failure to serve process properly evinced an intent to stall the judicial machinery or otherwise prejudiced the defendant." *Id.*

The principles discussed in *Lamp*, *Farinacci*, *McCreesh*, and *Gussom* are not directly applicable to the instant case, because Coppola did not commence his action within the statute of limitations, then frustrate the purpose of the statute of limitations by delaying the service of process. Indeed, as discussed below, Coppola failed to commence his action within the applicable statutes of limitations in the first place. Nonetheless, the *Lamp* line of cases underscores a general principle that courts should not readily dismiss causes of action due to defects in service, even though proper service is an essential prerequisite to the establishment of personal jurisdiction and the rendering of a judgment.

9

assertion that he declined to accept an insurance contract with SWIF, but SWIF provided him coverage and charged him anyway. The gist of this action[7] sounds in contract, and such is a matter that is within the exclusive jurisdiction of the Board of Claims.

The statutory provisions governing the Board of Claims fall within Chapter 17 of the Procurement Code, 62 Pa.C.S. §§1701-51, which is titled "Legal and Contractual Remedies." Notably, this Chapter contains a "prominent reaffirmation of sovereign immunity." *Scientific Games International, Inc. v. Commonwealth*, 66 A.3d 740, 749 (Pa. 2013). Section 1702(a) of the Procurement Code provides that reaffirmation, and states that, except as provided in Chapter 17, "no provision of [the Procurement Code] shall constitute a waiver of sovereign immunity." 62 Pa.C.S. §1702(a). Section 1702(b) provides a limited waiver:

> (b) Exception.--The General Assembly under section 11 of Article I of the Constitution of Pennsylvania[, Pa. Const., art. I, §11,] does hereby waive sovereign immunity as a bar to claims against Commonwealth agencies brought in accordance with sections 1711.1 (relating to protests of solicitations or awards) and *1712.1 (relating to contract controversies) and Subchapter C (relating to Board of Claims) but only to the extent set forth in this chapter*.

62 Pa.C.S. §1702(b) (emphasis added).

---

[7] Under the "gist of the action" doctrine, an alleged tort claim against a party to a contract is barred when the "gist" of the cause of action, although sounding in tort, is in actuality a claim for breach of contractual obligations. *Bruno v. Erie Insurance Company*, 106 A.3d 48, 53 (Pa. 2014). The "critical determinative factor" is the "nature of the duty alleged to have been breached, as established by the underlying averments supporting the claim in a plaintiff's complaint." *Id.* at 68. "In this regard, the substance of the allegations comprising a claim in a plaintiff's complaint are of paramount importance, and, thus, the mere labeling by the plaintiff of a claim as being in tort, e.g., for negligence, is not controlling." *Id.*

"Contract controversies" are addressed in section 1712.1 of the Procurement Code. This section provides that "[a] contractor[8] may file a claim with the contracting officer in writing for controversies arising from a contract entered into by the Commonwealth." 62 Pa.C.S. §1712.1(a). Such a claim shall be filed "within six months of the date it accrues." *Id.* §1712.1(b). The contracting officer, then, shall issue a written final determination regarding the claim within 120 days, unless extended by consent of the parties, or the claim shall be deemed denied. *Id.* §1712(d). Within 15 days of the mailing date of the final determination, or within 135 days of the filing of claim, the contractor may file a statement of claim with the Board of Claims. *Id.* §1712(e).

The jurisdiction of the Board of Claims, in turn, is provided in section 1724 of the Procurement Code, which provides, in relevant part:

> (a) Exclusive jurisdiction.--The board shall have exclusive jurisdiction to arbitrate claims arising from all of the following:
>
> > (1) A contract entered into by a Commonwealth agency in accordance with this part and filed with the board in accordance with section 1712.1 (relating to contract controversies).

62 Pa.C.S. §1724(a)(1). Section 1724(c), however, further provides that the Board of Claims "shall have no power and exercise no jurisdiction over a claim asserted under subsection (a)(1) unless it is filed with the board in accordance with section 1712.1." *Id.* §1724(c).

With regard to a "contract controversy" such as Coppola's, either the matter is within the exclusive jurisdiction of the Board of Claims, or it is barred by

---

[8] The Procurement Code defines a "contractor" simply as "[a] person that has entered into a contract with a Commonwealth agency." 62 Pa.C.S. §103.

sovereign immunity and no remedy is available at all. As our Supreme Court has explained, this is "consistent with the longstanding public policy . . . of broadly channeling contract claims through the Board of Claims, which also remains the initial arbiter of whether a contract exists." *Scientific Games*, 66 A.3d at 756 (citing *Shovel Transfer and Storage, Inc. v. Simpson*, 565 A.2d 1153, 1155 (Pa. 1989)).

Indeed, this Court has expressly held that claims arising from contracts with SWIF fall within the exclusive jurisdiction of the Board of Claims. *See Hanover Insurance Company v. State Workers' Insurance Fund*, 35 A.3d 849, 856 (Pa. Cmwlth. 2012) (*en banc*). We had so held long before *Hanover*, as well, in *Caparo Real Estate*; however, that decision predated the repeal of the former Board of Claims Act[9] and the recodification of the provisions governing the Board of Claims within the Procurement Code. In *Hanover*, an *en banc* panel of this Court reaffirmed the Board of Claims' exclusive jurisdiction over contract claims against SWIF, including quasi-contract claims. *Hanover*, 35 A.3d at 853-56. Moreover, and of particular relevance here, we noted our Supreme Court's reasoning in *Shovel Transfer*:

> A "claim . . . arising from a contract" is often a dispute over the existence of the alleged contract as well as the liability flowing from it. In order for the Board of Claims to accept jurisdiction over a particular cause of action, it necessarily must determine as a factual predicate whether there is a valid contract in existence. Like any other tribunal, the Board of Claims has the implicit right to decide every question which occurs in a cause of action over which it has jurisdiction.

*Id.* at 853 n.5 (quoting *Shovel Transfer*, 565 A.2d at 1155); *see also Scientific Games*, 66 A.3d at 756 (citing *Shovel Transfer* and noting that Board of Claims "remains the initial arbiter of whether a contract exists").

---

[9] Act of May 20, 1937, P.L. 728, *as amended*, *formerly* 72 P.S. §§4651-1 to 4651-10, repealed by the Act of December 3, 2002, P.L. 1147.

In the context of the instant case, as noted above, the core averments in the Complaint concern Coppola's contention that he provided a conditional acceptance of insurance coverage from SWIF pending a quote, but SWIF never provided the quote, yet proceeded to provide the coverage and charge Coppola therefor. At bottom, this is a dispute over "whether a contract exists." *Scientific Games*, 66 A.3d at 756. Because a claim arising from such an insurance contract with SWIF falls within the exclusive jurisdiction of the Board of Claims, *Hanover*, the trial court correctly determined that it lacked subject matter jurisdiction over Coppola's action.

In *Hanover*, after concluding that the claim at issue fell within the exclusive jurisdiction of the Board of Claims, this Court transferred the action to that tribunal pursuant to Pa.R.C.P. No. 213(f).[10] *Hanover*, 35 A.3d at 856. Although this is the usual remedy where an action is filed in a court that lacks subject matter jurisdiction, courts can decline to transfer, in the interest of judicial economy, if there are "no circumstances under which relief could be granted." *Richardson v. Pennsylvania Department of Corrections*, 991 A.2d 394, 397 (Pa. Cmwlth. 2010) (citing *Smock v. Commonwealth*, 436 A.2d 615, 617-18 (Pa. 1981)). This was such a circumstance. We have consistently concluded that section 1712.1(b) of the Procurement Code, which states that "[a] claim shall be filed with the contracting

---

[10] Rule 213(f) provides:

> When an action is commenced in a court which has no jurisdiction over the subject matter of the action it shall not be dismissed if there is another court of appropriate jurisdiction within the Commonwealth in which the action could originally have been brought but the court shall transfer the action at the cost of the plaintiff to the court of appropriate jurisdiction. It shall be the duty of the prothonotary or clerk of the court in which the action is commenced to transfer the record together with a certified copy of the docket entries to the prothonotary or clerk of the court to which the action is transferred.

Pa.R.C.P. No. 213(f).

13

officer within six months of the date it accrues," 62 Pa.C.S. §1712.1(b), is a statute of limitations. *Lobar Associates, Inc v. Pennsylvania Turnpike Commission*, 216 A.3d 526, 535 (Pa. Cmwlth. 2019); *Buchart Horn, Inc. v. Department of Transportation*, 1 A.3d 960, 964 (Pa. Cmwlth. 2010); *John XXIII Home v. Department of Public Welfare*, 934 A.2d 198, 202 (Pa. Cmwlth. 2007). The latest date to which Coppola referred in the Complaint was in 2015; it is beyond question that his filing of the Complaint in June 2019 was well beyond the six-month limitations period of 62 Pa.C.S. §1712.1(b). A transfer to the Board of Claims, then, would have been futile.

Finally, to the extent that the Complaint asserted tort claims against SWIF that would not be barred by the gist of the action doctrine, *see supra* note 7, or would fall outside the exclusive jurisdiction of the Board of Claims, SWIF is correct that such tort claims suffered from two fatal deficiencies—they were barred by sovereign immunity and the statute of limitations.[11]

It is well settled that sovereign immunity "acts as a bar to suits against Commonwealth parties, including its officials and employees acting within the scope of their duties." *Paluch v. Department of Corrections*, 175 A.3d 433, 437-38 (Pa. Cmwlth. 2017) (citing 1 Pa.C.S. §2310). With regard to tort actions against Commonwealth parties, the General Assembly has waived sovereign immunity only in limited circumstances, through what is commonly referred to as the Sovereign

---

[11] SWIF asserted both sovereign immunity and the statute of limitations in its preliminary objections to the Complaint. Although both defenses are to be pleaded in a responsive pleading under the heading of "new matter" under Pa.R.C.P. No. 1030, Pennsylvania courts have permitted both defenses to be raised in preliminary objections where their applicability is apparent on the face of the pleadings, and the opposing party declines to file preliminary objections challenging the manner of their assertion. *See Orange Stones Co. v. City of Reading*, 87 A.3d 1014, 1021-22 (Pa. Cmwlth. 2014) (raising immunity defense by preliminary objection); *Petsinger v. Department of Labor & Indusry, Office of Vocational Rehabilitation*, 988 A.2d 748, 758 (Pa. Cmwlth. 2010) (raising statute of limitations defense by preliminary objection). Both requisites are appliable here.

Immunity Act, 42 Pa.C.S. §§8501-02, 8521-28.  Section 8522 of the Sovereign Immunity Act waives sovereign immunity with regard to actions for damages "arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity," but *only* for specifically enumerated categories of acts.  42 Pa.C.S. §8522(a).  The specific negligent acts which may impose liability upon the Commonwealth are listed in section 8522(b).[12]  Coppola's Complaint does not assert any negligent act that would fall into any category listed in section 8522(b), nor does it assert that any individual acted outside the scope of his or her employment.  It is thus clear that, to the extent that Coppola adequately pleaded any tort claim against SWIF, such a claim was barred by sovereign immunity.

Separately, as the trial court reasoned, tort claims are subject to a two-year statute of limitations under section 5524 of the Judicial Code, 42 Pa.C.S. §5524.  As noted above with regard to the statute of limitations for matters arising in the jurisdiction of the Board of Claims, the absolute latest date referenced in the Complaint, purporting to establish the date of any injury or Coppola's discovery thereof, was in 2015.  Coppola did not file the instant Complaint until June 2019.  As such, not only were any tort claims against SWIF barred by sovereign immunity, but they also were barred by the two-year statute of limitations applicable to claims sounding in tort.

In sum, Coppola failed to effectuate proper service of original process, and thus failed to establish the trial court's personal jurisdiction over SWIF; his action, in any event, belonged in the exclusive subject matter jurisdiction of the Board of

---

[12] The negligent acts which may impose liability under section 8522(b) fall into the following categories:  vehicle liability; medical-professional liability; care, custody or control of personal property; Commonwealth real estate, highways and sidewalks; potholes and other dangerous conditions; care, custody or control of animals; liquor store sales; National Guard activities; toxoids and vaccines; and sexual abuse.  42 Pa.C.S. §8522(b)(1)-(10).

15

Claims; any claim that did not fall within the jurisdiction of the Board of Claims was thus barred by sovereign immunity; and all claims were asserted beyond the expiration of the applicable statutes of limitation. Moreover, because the above-discussed defects were fatal to the Complaint in any number of ways, it would have been futile to transfer the action to any other tribunal. Thus, it is clear that the trial court did not abuse its discretion in dismissing Coppola's Complaint with prejudice.

Accordingly, the order of the trial court is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

16

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard J. Coppola, Jr.,          :
              Appellant      :
                              :    No. 693 C.D. 2020
            v.            :
                              :
Pennsylvania Department of Labor   :
and Industry, State Workers'       :
Insurance Fund                    :

## ***ORDER***

AND NOW, this 6th day of August, 2021, the January 24, 2020 order of the Court of Common Pleas of Bucks County is AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge