J-A13019-21

2021 PA Super 160

| | | |
|---|---|---|
| HAL H. HARRIS AND TERRENCE A. COLBERT | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| JORDAN VICTORIA COUTTIEN AND LETICIA ROMAIN COUTTIEN | : : : : | No. 1008 EDA 2020 |
| APPEAL OF: HAL H. HARRIS | : | |

Appeal from the Order Dated March 19, 2020
In the Court of Common Pleas of Pike County Civil Division at No(s): No. 1241-2019-CIVIL

BEFORE:   BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E.[*]

OPINION BY DUBOW, J.:                    **FILED AUGUST 13, 2021**

Appellants, Hal H. Harris and Terrance A. Colbert, appeal from the trial court's March 19, 2020 Order dismissing their Complaint due to improper service. They aver that the court erred by finding that the improper service prejudiced Appellees. After careful review, we vacate and remand.

On September 23, 2019, Appellants *pro se* filed a Complaint alleging that Appellees committed Wrongful Use of Civil Proceedings, Abuse of Process, Malicious Prosecution, and Civil Conspiracy. On September 24, 2019, Appellants served the Complaint upon Appellees via U.S. Mail.

Appellees filed Preliminary Objections ("PO's") to Appellants' Complaint arguing, *inter alia*, that Appellants violated the Pennsylvania Rules of Civil

---

[*] Former Justice specially assigned to the Superior Court.

Procedure ("Rules") by serving their Complaint by U.S. Mail instead of by sheriff.

On March 19, 2020, following oral argument, the court sustained Appellees' PO's and dismissed Appellants' Complaint for failure to perfect service over Appellees.[1]

Appellants *pro se* timely filed a Notice of Appeal and complied with Pa.R.A.P. 1925. The trial court filed a responsive Rule 1925(a) Opinion.

Appellants raise several issues on appeal, including the following:

> Did [the] trial court commit [an] error of law [or] abuse its[] discretion by dismissing [Appellants'] Complaint in contravention of [the] Pennsylvania Supreme Court's holding in **McCreesh v. City of Philadelphia**, 888 A.2d 664 (Pa. [] 2005), when documentary evidence proved [Appellants'] Complaint was timely served on both []Appellees?

Appellant's Br. at 3 (unnecessary capitalization omitted).[2]

---

[1] In its March 19, 2020 Order, the trial court states that it "dismissed" Appellees' PO's. Trial Ct. Op., 3/19/20, at 1. However, the court effectively sustained Appellees' objection to service when it dismissed Appellants' Complaint.

[2] Appellants present six other issues. We need not rule on these issues, as we are reversing the trial court on Appellants' second issue.

We, nonetheless, note that in their first issue, Appellants challenge the constitutionality of Rule of Civil Procedure 400. Whenever a party "draws in question the constitutionality of any general rule" the party is required "to give notice in writing to the Court Administrator of Pennsylvania[.]" Pa.R.A.P. 522(a). Failure to do so will result in waiver of the issue on appeal. **Havelka v. Sheraskey**, 441 A.2d 1255 (Pa. Super. 1982). Appellants have waived their challenge to Rule 400 by failing to notify the Court Administrator.

We review an order sustaining PO's to service of process and dismissing an action pursuant to a *de novo* standard of review and plenary scope of review. ***Sawyers v. Davis***, 222 A.3d 1, 5 (Pa. Super. 2019). We consider the evidence in the light most favorable to the nonmoving party. ***Id.*** We may only affirm if the case is clear and free from doubt. ***Baker v. Cambridge Chase, Inc.***, 725 A.2d 757, 764 (Pa. Super. 1999).

Rule 400 requires, with limited exception not applicable here, that "original process shall be served within the Commonwealth only by the sheriff." Pa.R.C.P. 400(a). The Rule, however, does not require the trial court to dismiss a complaint for defective service. Rather, when a plaintiff fails to perfect service but has supplied the defendant with actual notice of the litigation, the court should only dismiss the complaint "**where plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced defendant**."[3] ***McCreesh***, 888 A.2d at 674 (emphasis added).

Most important to our analysis, where the mode of service of process is defective, and the defendant has not suffered prejudice from the defective mode of service, the remedy is for the court to set the service aside. ***Weaver v. Martin***, 655 A.2d 180, 184 (Pa. Super. 1995). In such a circumstance, the trial court errs if it dismisses the complaint. ***Id.***

---

[3] A court may also dismiss a complaint where the plaintiff has failed to act in good faith to attempt proper service. ***Gussom v. Teagle***, 247 A.3d 1046, 1056-56 (Pa. 2021). This is not at issue here, as Appellees did not assert that Appellants failed to act in good faith.

- 3 -

In the present case, Appellants admit that they served their Complaint by U.S. Mail rather than by the sheriff. Appellees, however, admit that they received Appellants' Complaint the day after Appellants filed it. Nonetheless, the court dismissed the Complaint due to Appellants' failure to serve it by use of the sheriff. It reasoned that, since the statute of limitations had allegedly expired on Appellants' claims,[4] it could not disregard Appellants' procedural service error because "allowing the Complaint to proceed to the responsive pleading stage of litigation would prejudice the Appellees[.]" Trial Ct. Op., 6/12/20, at 7.

The trial court focused on prejudice from litigation itself, not prejudice from Appellants' using the U.S. Mail rather than the sheriff to serve their Complaint. This is improper. The defendant must suffer prejudice from the service defect itself to justify dismissal.

Appellees admit that they received the Complaint the day after Appellants filed it. Thus, it is reasonable to conclude that Appellees suffered no prejudice from the improper mode of service. As a result, the appropriate remedy was not to dismiss the Complaint but for the court to set the service aside to allow Appellants to reinstate the Complaint and effectuate service by

---

[4] The issue of the statute of limitations was not properly before the court and, therefore, the court should not have addressed it. **Wojciechowski v. Murray**, 497 A.2d 1342, 1344 (Pa. Super. 1985) (finding that courts cannot address statute of limitations *sua sponte*); **Yount v. Pa. Dept. of Corr.**, 966 A.2d 1115, 1119 (Pa. 2009) ("trial courts should not act as the defendant's advocate." (citation omitted)).

the proper means. **See** Pa.R.C.P. 400-405 (setting forth rules governing service).

Since the trial court erroneously dismissed the Complaint, we vacate the trial court's Order dismissing Appellants' Complaint and remand for the trial court to set aside service and permit Appellants to serve by use of the sheriff.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/13/2021