J-S44022-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KEITH ALAN HOFFA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN GEARHART | : | No. 1013 MDA 2022 |

Appeal from the Order Entered June 27, 2022
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
2022 CV 4932 RV

BEFORE:   PANELLA, P.J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:      **FILED: MARCH 27, 2023**

Keith Alan Hoffa appeals from the order dismissing the lawsuit he filed against John Gearhart. He argues the trial court erred in dismissing his case as frivolous. We reverse and remand.

In June 2022, Hoffa filed a Complaint claiming his ex-wife "sold or bartered for services, and then transferred possession of [Hoffa's] 1988 Chevrolet Corvette to" Gearhart without authority to do so. Complaint, filed June 22, 2022, at 2. He alleged that he requested that Gearhart return the car, but Gearhart did not. In the Complaint, Hoffa raised a claim in replevin and, in the alternative, a claim of conversion if Gearhart had sold the car. He also filed an application to proceed *in forma pauperis*.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Hoffa attached to his Complaint a certificate of service, in which he asserts he served Gearhart with a copy of the Complaint by "first-class U.S. Postal Service."

In June 2022, the court issued an order dismissing the action because the court found it to be frivolous. Order, filed June 27, 2022. The court did not explain its reasoning in the order. Hoffa filed a timely notice of appeal.

In its opinion issued pursuant to Pa.R.A.P. 1925(a), the court stated it dismissed the Complaint under Pennsylvania Rule of Civil Procedure 240(j)(1), finding it was frivolous because the certificate of service attached to the complaint was "facially invalid wherein it avers that [Hoffa] served [Gearhart] with the Complaint by regular, first-class mail." Trial Court Opinion, filed Aug. 9, 2021, at 2. It noted the Rules of Civil Procedure require service of original process of a civil action to be made by a Sheriff, and Hoffa's failure to conform to the service requirements were "fatal to his action." *Id.*

Hoffa raises the following issues on appeal:

> I. Did the trial court err in dismissing [Hoffa's] complaint as frivolous, for failure to perfect service per Pa.R.C.P. Rule 400(a), when such alleged failure would be a 'procedural error' only, and [Hoffa] was proceeding pro se, and should have been afforded some leeway by the court, for such alleged procedural error?
>
> II. Did the trial court err in dismissing [Hoffa's] complaint as frivolous, for failure to perfect service per Pa.R.C.P. Rule 400(a), when in fact the trial court failed to allow [Hoffa] the time-period allotted under Pa.R.C.P. Rule 401(a), to perfect such service as required?
>
> III. Did the trial court err in dismissing [Hoffa's] complaint as frivolous, *with prejudice*; when Pa.R.C.P. Rules 401(b)(1)

- 2 -

> and (2) allows for a complaint to be reinstated or re-filed at any time, and any number of times, if service is not perfected within the time-period allotted under subdivision (a) of this Rule?

Hoffa's Br. at 1 (unnecessary capitalization omitted; italics in original).

In his three issues, Hoffa challenges the trial court's dismissal of his Complaint under Rule 240(j)(1) as frivolous for failure to properly serve Gearhart.

We review a decision dismissing an action pursuant to Rule 240(j) to determine "whether the plaintiff's constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law." ***Ocasio v Prison Health Serv's***, 979 A.2d 352, 354 (Pa.Super. 2009).

The trial court dismissed the action under Rule 240(j)(1), which permits a court to dismiss an action that is frivolous where the party also filed a petition for leave to proceed *in forma pauperis*:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.C.P. 240(j)(1). A note to the rule explains that "[a] frivolous action or proceeding has been defined as one that 'lacks an arguable basis either in law or in fact.'" ***Id.*** at Note(citation omitted).

Rule 400 requires, with limited exceptions not applicable here, that "original process shall be served within the Commonwealth only by the

sheriff." Pa.R.C.P. 400(a). Rule 400, however, does not require that the trial court dismiss a complaint for defective service. **Harris v. Couttien**, 261 A.3d 527, 529 (Pa.Super. 2021). Rather, a court may dismiss a complaint only where 1) the plaintiff has failed to act in good faith to attempt proper service or 2) the plaintiff fails to perfect service but has supplied the defendant with actual notice of the litigation and the "plaintiff[']s failure to comply with the Rules of Civil Procedure has prejudiced defendant." **Id.** at 529-30, 530 n.3 (citations and emphasis omitted). If a defendant has not suffered prejudice due to the improper service, the remedy is for the court to set aside the service, not dismiss the complaint. **Id.** at 530. If the service is set aside, the plaintiff can reinstate the complaint and effectuate service by the proper means. **Id.**

Here, the court's dismissal of the case as "frivolous" for improper service was error. An action is frivolous for purposes of Rule 240(j) if, on its face, it does not set forth a valid cause of action. **Bell v. Mayview State Hosp.**, 853 A.2d 1058, 1060 (Pa.Super. 2004). An improperly served complaint may have an arguable basis in law or fact and set forth a facially valid cause of action. **See** Pa.R.C.P. 240(j)(1), Note. We reverse the order dismissing Hoffa's civil action and remand for further proceedings.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 03/27/2023